## Walsh *versus* Kelly.

An agreement between husband and wife to live separate, each to take their own property, and neither to claim anything from the other, which is not under seal, nor acknowledged separately by the wife, will not bar her dower in her husband's lands.

ERROR to the Common Pleas of *Bedford county*.

This was an action of dower by Elizabeth Kelly, the widow of John Kelly, against William Walsh, her late husband's alienee, wherein she claimed her dower in a tract of 379 acres of land, in Juniata township.

John Kelly and Elizabeth Henry were married on the 1st January 1826; at which time he owned the land out of which the plaintiff claimed her dower in this action. Mrs. Kelly, at the time of her marriage, owned a small house and lot in the village of Mussersburg, and some personal property, which Kelly took possession of, shortly afterwards.

Kelly treated his wife with much cruelty, and soon after the birth of a child in the spring of 1827, quarrels ensued in reference to it, which resulted in his beating her and finally kicking her out of the house; he retaining the child. On the 6th April 1827, Mrs. Kelly made information against her husband, before a justice of the peace, for assault and battery. At the hearing, on the 8th April, a compromise was effected between them, and articles were signed, whereby they agreed to live separate, that Mrs. Kelly should keep the child, that each should have the property which belonged to them respectively, and neither of them should claim anything from the other. This agreement was lost, and could not be produced on the trial, but the justice by whom it was drawn, testified as to his recollection of its contents.

The parties never afterwards lived together, and Kelly retained his wife's personal property. On the 13th July 1842, he conveyed the premises out of which dower was claimed to William Walsh, the defendant; and died in 1856.

The court below (KIMMELL, P. J.) charged the jury that the plaintiff was not estopped by the articles of separation, from claiming her dower in her husband's lands, and directed them to find for the plaintiff.

To this instruction the defendant excepted; and, a verdict and judgment having been rendered for the plaintiff, he removed the cause to this court, and here assigned the same for error.

*Cessna*, for the plaintiff in error, cited McKennan *v.* Phillips, 6 *Wh.* 571; Lehr *v.* Beaver, 8 *W. & S.* 102; Duffy *v.* Insurance

[Walsh v. Kelly.]

Co., *Id.* 413, 432–3; Hutton v. Hutton's Administrator, 3 *Barr* 100.

*King & Jordan*, for the defendant in error, cited Kennedy v. Nedrow, 1 *Dall.* 415; Shaw v. Boyd, 5 *S. & R.* 309; 2 *Bl. Com.* 138; *Reeves' Domestic Relations*, 44; Parker v. Manning, 7 *T. R.* 539; Dorrance v. Scott, 3 *Wh.* 309; Caldwell v. Walters, 6 *Harris* 79; Heugh v. Jones, 8 *Casey* 432; Chambers v. Spencer, 5 *Watts* 404.

The opinion of the court was delivered by

READ, J.—This was an action of dower, by a widow, against the alienee of her deceased husband; and the defence set up was an agreement for a separation, alleged to be signed by the husband and wife on the 8th April 1827, and which, it was asserted, was a bar to the recovery. John Kelly and Elizabeth Henry were married on the 1st January 1826, and had one child. It appeared that quarrels ensued between them, which resulted in his beating her, and finally kicking her out of the house. She never lived with him afterwards, but having "made information for assault and battery" against her husband, before Michael Reed, Esq., he testified, on the trial, that they appeared before him, "and compromised—signed an agreement, and gave each a copy."

If this agreement had been produced, its validity, interpretation, and construction would have been for the court and not for the jury; and as in this instance the instrument was lost and could not be produced, the form and contents as proved by Squire Reed were equally within the province of the court.

The court saw that it was simply an agreement between man and wife, not under seal, nor acknowledged either by the husband, or by the wife separately, a form positively required by law where it is intended to dispose either of the wife's own estate or her dower in that of her husband. The language was vague and uncertain, and there is not a word in it which can be fairly construed into a relinquishment of dower. The court therefore construed this instrument, and held that it did not bar the dower; and in this we see no error.

There appears no real consideration passing from the husband to the wife, and she got nothing from him except the child which she raised.

Judgment affirmed.