## Fryer *versus* Rishell *et ux.*

1. Where a married woman has received full consideration for her assignment of a balance due her on a sale of her separate estate, and by her own act has disabled herself from restoring said consideration, equity will not permit her to repudiate the assignment on the ground that she had not acknowledged the same.

2. R. and his wife, by articles of agreement, sold two lots, the separate property of the wife, to P., the purchase-money to be paid in annual instalments. E. conveyed to the wife of R. certain land, and in payment therefor took her assignment of the interest of R. and wife, under the articles of agreement with P. The assignment was not acknowledged by either R. or his wife. The latter sold the land conveyed to her by E., and received full consideration therefor. In an action by the administrator of E. to recover the balance due by P. under the articles of agreement, R. and his wife contested the claim on the ground that the assignment was not acknowledged. *Held*, reversing the court below, that they could not make such a defence.

3. Moore *v.* Cornell, 18 P. F. Smith 320, distinguished.

June 8th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Clearfield county:* Of May Term 1877, No. 27.

This was a feigned issue to try the right to certain money due on a judgment. The plaintiff in the issue was Daniel Fryer, ad-

[Fryer *v.* Rishell.]

ministrator of John Ehrgood, deceased, and the defendants B. C.
Rishell and Sidney M., his wife.

On the 23d of July 1866, Rishell and his wife, by articles of
agreement, sold to Harrison Passmore two lots of ground, for $700,
of which $50 were paid down, $150 to be paid on April 1st 1867,
and the balance in annual payments of $100, until paid. The lots
were the separate estate of the wife.

On the 8th of February 1867, John Ehrgood conveyed to .Mrs.
Rishell a tract of land, and in consideration for said conveyance she
and her husband assigned, under seal, to Ehrgood their interest in
the articles of agreement with Passmore, and during the life of Ehr-
good the payments were made to him by Passmore as they fell due
on the contract. The assignment was signed by Rishell and his
wife but was not acknowledged by either of them. They sold the
property received from Ehrgood to one Soxman, who took posses-
sion and paid the purchase-money.

Two years after his conveyance to Rishell and wife Ehrgood died,
and his administrator brought ejectment against Passmore, in the
name of Rishell and wife, to his use as administrator, to enforce
the payment of the balance of purchase-money, and by directions
of the court a verdict was rendered for the amount due by Passmore
on the contract, the money to be paid into court, and this issue
framed to try the right as between the administrator of Ehrgood's
estate and Rishell and his wife to this money.

In the charge to the jury, the court, Orvis, A. L. J., said :—

"The simple question is, under this state of facts, is the assign-
ment of the Passmore agreement by Mrs. Rishell to John Ehrgood,
valid and binding upon her so as to pass to John Ehrgood's admin-
istrator the right to receive the money due upon said assignment.
This is a question of law for us. We instruct you that as this
assignment was not executed in the manner required by law, it is
inoperative and void as to Mrs. Rishell, and therefore your verdict
must be for the defendants in this issue."

The verdict was found accordingly, and the plaintiff took this
writ, his first assignment being the foregoing portion of the charge.

*Wallace & Krebs*, for plaintiff in error.—A married woman can-
not take a deed to land and in consideration therefor assign a balance
of purchase-money due her on a contract for the sale of her separate
property, and after she has again sold the land for which she received
the deed and obtained full consideration therefor, repudiate the
assignment because she had not acknowledged the same : Heacock
*v.* Fly, 2 Harris 540 ; Patterson *v.* Robinson, 1 Casey 81 ; Ram-
borger *v.* Ingraham, 2 Wright 146 ; Glass *v.* Warwick, 4 Id. 144 ;
Share *v.* Anderson, 7 S. & R. 43 ; Fulton *v.* Moore, 1 Casey 477.
A married woman may assign her choses in action by an instrument
to which her husband is a party without an acknowledgment thereof :
Bond *v.* Bunting, 28 P. F. Smith 210.

*McEnally & McCurdy*, for defendants in error.—The position of the court below is abundantly sustained by authority: Stoops *v.* Blackford, 3 Casey 213; Richards *v.* McClelland, 5 Id. 385; Rumfelt *v.* Clemens, 10 Wright 455; Glidden *v.* Strupler, 2 P. F. Smith 400; Dunham *v.* Wright, 3 Id. 197; Graham *v.* Long, 15 Id. 383; Moore *v.* Cornell, 18 Id. 320.

Mr. Justice MERCUR delivered the opinion of the court, October 1st 1877.

This was a feigned issue to try the right to the money due on a judgment. It appears that Mrs. Rishell, one of the defendants, owned certain real estate. She and her husband united in selling it, by articles of agreement, to one Passmore, in consideration of $700; $50 thereof to be paid on the execution of the agreement, and the residue in several annual instalments. The $50 were paid.

Afterwards, in consideration of the conveyance to Mrs. Rishell of certain other real estate, by John Ehrgood, and on the same day, she and her husband jointly assigned, under seal, all their interest in the said articles of agreement, to Ehrgood. During his life the payments were made to him by Passmore, as they fell due on the contract. After his death the plaintiff brought ejectment in the name of Rishell and wife, to his use as administrator of Ehrgood, to enforce the payment of the residue of the purchase-money, and recovered a judgment, conditioned for the payment of the money in question.

Rishell and wife sold and conveyed the land, acquired from Ehrgood, to one Soxman, who took possession and paid the purchase-money.

The question raised by the first assignment is whether Mrs. Rishell can now repudiate her assignment, by reason of her not having acknowledged it, after she has sold and conveyed the land which she received in consideration for the assignment.

The mode of conveyance necessary to pass the real estate of a married woman does not now arise. As between the parties a contract of sale operates as a conversion of land into money: Longwell *v.* Bentley, 11 Harris 99; Leiper's Ex'rs. *v.* Irvine, 2 Casey 57; Siter, James & Co's. Appeal, Id. 178. The vendor's interest becomes a personal demand for the consideration money.

The action against Passmore, and the judgment therein, are in affirmance of her contract for a sale of the land. Such a judgment is not like an ordinary judgment at law; but contains the substance of a bill in equity, for the payment of money by one party, and a conveyance of the land by the other: Coughanour *v.* Bloodgood, 3 Casey 285.

The judgment against Passmore can be satisfied by the payment of money. It is as conclusive as a final decree in equity.

It is true the Act of 11th April 1848 declares that the property

of a married woman shall not be sold, conveyed, mortgaged or transferred by her husband without her written consent first had and obtained, and duly acknowledged. As a general rule the contract of a married woman is void at law, unless made good by some statutory provision. Equity follows the law in this particular, unless the equities of the particular case prevent the application of the rule. When a married woman asks to be relieved from her contract, equity requires that the rights of the other party shall be regarded. In strict law a married woman has no power alone to give a valid bond and mortgage to secure the payment of purchase-money on real estate which she has bought, yet when necessary to prevent great injustice, they will be enforced in equity, according to the necessities of common justice : Glass *v.* Warwick, 4 Wright 140. So, although a judgment bond given by a married woman for the purchase of land conveyed to her, is invalid as a personal obligation, yet it may create a valid lien on the land she purchased, and the judgment will support an execution and sale of the land : Patterson *v.* Robinson, 1 Casey .81 ; Ramborger's Administrator *v.* Ingraham, 2 Wright 146 ; Glass *v.* Warwick, *supra.* The manifest ground on which these cases rest is, that it would be grossly unjust to permit a married woman to retain the land which she had purchased, and relieve her from all obligation to pay for the same. The case of Moore *v.* Cornell, 18 P. F. Smith 320, is cited as establishing the inability of the wife to assign a chose in action, without an acknowledgment. That case, however, is clearly distinguishable from the other cases, and from the present case. The wife purchased no real estate on which she gave a lien to secure the payment of the purchase-money, nor for which she assigned the mortgage as a payment. No consideration was shown for her assignment, other than the averment in the assignment "for value received," and the execution of it under seal. It does not appear whether she or her husband received the consideration. No special equities are shown in the assignee. He rested them all on the recital of value in the assignment. He presented his case as if she was bound as a feme sole.

Mrs. Rishell appears to have received a full consideration for her assignment. Having enjoyed all the fruits of that consideration, and, by her own voluntary act, having disabled herself from restoring it to the plaintiff, equity will not tolerate so gross a fraud as to now permit her to repudiate her assignment : Share *et al. v.* Anderson *et al.*, 7 S. & R. 43 ; Heacock *v.* Fly, 2 Harris 540 ; Patterson *v.* Robinson, *supra ;* Fulton *v.* Moore, 1 Casey 468. It was said in Haffey *v.* Carey, 23 P. F. Smith 431, that the Act of 11th April 1848 is limited to powers given by a married woman to her husband to sell and dispose of her property. Supported by that, it was held in Bond *v.* Bunting, 28 P. F. Smith 210, that a married woman may assign her choses in action, her

husband joining in the act of disposition, without acknowledgment of any kind.

The second and third assignments are not made according to the rules and must be disregarded.

It is not shown that the declarations covered by the fourth assignment, were made to the defendants or communicated to them. There was no offer to correct any mistake of the scrivener. They were insufficient to change the legal effect of the written instrument and ought not to have been received.

Judgment reversed and a *venire facias de novo* awarded.