## WYMAN AND COLEGROVE'S APPEAL.

A petition to open a judgment on the ground that it had been overpaid by paying usurious interest for a long period should set forth the facts with precision.

Appeal from Common Pleas of Erie County. No. 363 January Term, 1883.

The affidavit to open a judgment entered on a judgment note was as follows:

H. L. Wyman and Isaac Colegrove, being duly sworn according to law, doth depose and say that they are the defendants in the above judgment and execution that is issued thereon, and that they have a full, legal and just defense to the payment of the whole of the plaintiff's claim upon the above judgment and execution, the nature and character of which is as follows, to wit:

That the note upon which judgment in the above stated case has been entered and execution issued is the tail end and winding up of an indebtedness of four thousand dollars originally against H. L. Wyman, Isaac Colegrove and W. T. Brown, created to said plaintiff in 1869 or 1870; that from the date of the original note from time to time, every sixty and ninety days, until 1873, said note was renewed and divers large sums of money were paid to the plaintiff, whereby at

this date, in 1873, said debt was reduced to the sum of twenty-eight hundred dollars, and thereafter from time to time renewed by H. L. Wyman and Isaac Colegrove and large sums of money were paid to the plaintiff and the said indebtedness reduced to thirteen hundred dollars, according to the plaintiff's statement in 1879, and that from and after 1879 said defendants paid divers sums of money until January 17, 1883, when said indebtedness was, as by plaintiff's statement rendered unto these defendants, reduced to nine hundred and ninety dollars, for which the note upon which above judgment was entered was given. These defendants claim and expect to prove that they have paid the plaintiff at least one thousand dollars upon this debt that the plaintiff has not given them credit for. They further say and expect to prove that the note upon which this judgment was entered and execution issued is entirely made up of usurious and illegal interest, and these defendants do not owe the plaintiff one cent on this indebtedness and judgment, and believe and expect to prove that the plaintiff, when an account and the proper credits are given in this matter, will owe them, the defendants, largely more than the amount of the judgment and execution as herein stated. And they most respectfully ask your Honor to stay proceedings on the execution and grant them a rule to show cause on the plaintiff why the judgment should not be opened and these defendants let into a defence.

---

The Court refused the application and Wyman and Colegrove then appealed to the Supreme Court.

*Messrs. A. F. Bole and Davenport & Griffith*, for appellants.

*M. Crosby, Esq., contra*, argued that the affidavit was too vague and uncertain.

The Supreme Court affirmed the decree of the Common Pleas on February 18th, 1884, in the following opinion,

PER CURIAM:

The affidavit was too vague and uncertain to justify the Court in disturbing the judgment. The nature and character of the facts must be averred with reasonable precision to enable the Court to say, if proved, they entitle the party

making the affidavit to equitable relief. In this case it was not done, and the Court committed no error in refusing to grant the rule.

> Decree affirmed and appeal dismissed at the costs of the appellants.