# Kaiser's Estate.

*Husband and wife—Binding force of agreement of separation.*

An agreement of separation executed in due form in contemplation of actual, immediate and continuing separation which is actually carried into effect by both parties is as valid and binding upon the wife as upon the husband and may be asserted to defeat an action at law instituted in violation of its terms.

*Agreement of separation—Separate acknowledgment—Dower.*

An agreement of separation between husband and wife will not bar the wife's rights of dower in the absence of a certificate of an acknowledgment duly made by the wife, in accordance with the terms of the Act of February 24, 1770, 1 Sm. L. 307, although it may be effective to bar any claim upon his personal estate under the intestate law.

Argued Feb. 15, 1900. Appeal, No. 22, Feb. T., 1900, by Catharine Kaiser, widow, in the matter of the estate of George J. Kaiser, deceased, from decree of O. C. Lycoming County, March T., 1899, No. 24, refusing writ of partition. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. D. PORTER, J. RICE, P. J., and ORLADY, J., dissent.

Petition for writ of partition. Before MAYER, P. J., of the 25th judicial district, specially presiding.

The facts sufficiently appear in the opinion of the court.

The court below discharged the rule and refused the prayer of the petition. Catharine Kaiser, widow, appealed.

*Error assigned* was in making the order and decree discharging the rule and refusing the prayer of the petition.

*Henry C. McCormick*, with him *W. W. Champion* and *Seth T. McCormick*, for appellant.—Can a married woman, by the mere signing of an agreement of separation, without a separate acknowledgment, release her dower interest in her husband's lands? Act of February 24, 1770, 1 Sm. L. 307; Kirk v. Dean, 2 Binney, 341.

This case was followed by Thompson v. Morrow, 5 S. & R. 289, and Barnet v. Barnet, 15 S. & R. 72, and in a large number of cases since that time.

That the requirements of this act as to the separate examination of the wife must be strictly pursued, and must so appear on the magistrate's certificate, we cite the cases of Graham v. Long, 65 Pa. 383, and Enterprise Co. v. Sheedy, 103 Pa. 492.

There is no such thing as estoppel of a married woman, by receipt of the consideration, as was said by Glidden v. Strupler, 52 Pa. 400.

The court below attempted to make this case an exception to the general rule under the act of 1770, upon the doctrine that articles of separation between husband and wife should be liberally construed, and cited in support of that position a number of cases, among which might be mentioned Hutton v. Hutton, 3 Pa. 100, Dillinger's Appeal, 35 Pa. 357, and Schmitt's Estate, 5 Pa. C. C. R., 183.

The question here, however, is an entirely different one. Titles are made under the act of 1770. The cases under that act have become rules of property in Pennsylvania, and there is not a case in which the courts of this state have said that, so far as releasing dower is concerned, an agreement of separation stands upon any different grounds than any other deed by which a married woman attempts to convey her property. On the contrary, there is one case in Pennsylvania which practically agrees with our contention in this case. We refer to the case of Walsh v. Kelly, 34 Pa. 84.

*J. F. Strieby*, for appellees.—In all the cases of agreements of separation between husband and wife, passed upon by the courts, the intention of the parties alone was considered and no regard was paid to the form or technical execution of the contract: Walsh v. Kelly, 34 Pa. 84.

In Scott's Est., 147 Pa. 102, the whole contention was over the intention of the parties as expressed in the agreement of separation.

From these observations it is clear that the courts have not sustained deeds of separation between husbands and wives, because they were executed in conformity with the provisions of the act of 1770, but upon the equitable grounds that inasmuch as their covenants bind the husband they must be held to bind the wife, and because the courts will not lend their aid to assist

the wife in violating an agreement in making a claim that is against equity and conscience for her to set up.

OPINION BY W. D. PORTER, J., July 26, 1900:

George J. Kaiser and Catharine, his wife, in the year 1893, entered into articles of separation, reciting that for various reasons they agreed to separate and thereafter to live apart, the same as though they had never been married. The agreement contained a covenant upon the part of Kaiser to pay his wife the sum of $500, and to release all interest in any and all personal property which belonged to her at that time, or that she might become possessed of in the future, and he thereby released and relinquished any and all rights that he became possessed of by the marriage in any real estate that she was owner of, or possessed of, or that she might become possessed of in any way or manner in the future. Upon her part, the wife agreed to leave the residence of her husband at once, and to forever remain away, and that she would in no way annoy him in consideration of the marriage; "and further, that she hereby releases and by these covenants has released all rights that she may have become possessed of by the marriage, in any property, money or other valuable thing, either real or personal, that he may be possessed of at this time, or that he may become possessed of in the future, the same as though the marriage had never taken place." The agreement was signed by the husband and the wife executed it by making her mark. The acknowledgment by the parties was in the following form: "Subscribed and acknowledged before me this 15th day of August, 1893. E. B. Leonard, Alderman." The acknowledgment did not conform with any of the requirements of the Act of February 24, 1770, 1 Sm. L. 307. Kaiser paid the $500 to his wife and she took possession of her own personal property, in accordance with the terms of their agreement, immediately withdrew from his home, and they remained separated until the death of Kaiser, on January 5, 1899. The appellant, on May 2, 1899, presented her petition, in due form, setting forth her marriage to the decedent, the death of her husband, seized of certain lands, and alleged that she was entitled to dower out of said lands. The prayer of the petition was that the court award an inquest to make partition of the

premises, according to law.   The appellees filed an answer, setting forth the agreement of separation and that the appellant's right of dower was barred thereby.   The appellant filed a replication, admitting the facts set forth in the answer, but denying the conclusion of law, and prayed the court for judgment that said writ of partition issue.   The learned court below discharged the rule on appellees to show cause why a writ of partition should not issue, and refused the prayer of the petitioner.

Where an agreement of this character is executed in due form, and contemplates an actual, immediate and continuing separation, and is actually carried into effect by both parties, it will, if based upon a good consideration and reasonable in its terms, be as valid and binding upon the wife as upon the husband.   At law no contract can be made between husband and wife without the intervention of trustees, for she is considered as being under the control of her husband and incapable of contracting with him.   But in equity where the contract is reasonable, and where it has been consummated, it will be upheld.   This being the case, the agreement may, in Pennsylvania, be asserted to defeat an action at law instituted in violation of its terms : Lehr v. Beaver, 8 W. & S. 102 ; Hutton v. Hutton's Admr., 3 Pa. 100 ; Dillinger's Appeal, 35 Pa. 357 ; Commonwealth v. Richards, 131 Pa. 209.   In all the foregoing cases the claim asserted by the wife was for a distributive share of personal property, or the enforcement of the personal liability of the husband.   In Hitner's Appeal, 54 Pa. 110, the question involved was the wife's right of dower, but it does not appear in the report of the case whether the acknowledgment of the wife was taken in the form required by the act of 1770 or not.   The only question raised in that case and considered by the court was, whether the evidence was sufficient to establish a reconciliation by the parties, subsequent to their separation.   In the light of these authorities, there can be no question that as to any claim of the appellant upon the personal property of her husband, the agreement of separation was an insuperable barrier.

The question here presented is whether an agreement of separation between husband and wife will bar the wife's right of dower in the absence of a certificate of an acknowledgment duly made by the wife, in accordance with the terms of the act

of 1770. The act of 1770 was intended to effectually remedy the loose practice which had grown up, under which a married woman's estate of inheritance, as well as her right of dower in her husband's land, might be passed without her having an opportunity to understand the nature of the conveyance in which she joined, or exercise an uncontrolled will and an untrammeled judgment. Prior to that legislation such an agreement as that in the present case might have been held to bar the wife's right of dower. The purpose of the legislation was to protect any estate which a married woman might have in lands from alienation in any other manner than that provided in the statute. To guard against the importunities of an impecunious or speculative husband, or the coercion of a domineering or dishonest one, the statute absolutely requires that the wife shall be examined separate and apart from her husband, and the justice shall read, or otherwise make known, the full contents of such deed or conveyance to the said wife; and if, upon such separate examination, she shall declare that she did voluntarily and of her own free will and accord seal, and as her act and deed deliver the said deed or conveyance, without any coercion or compulsion of her said husband, every such deed or conveyance shall be and the same is hereby declared to be good and valid in law. It is not necessary that the certificate should be in the exact language of the statute, but it must embody all the essential elements thereof, otherwise it will not be sufficient to pass the estate of the wife: Watson v. Bailey, 1 Binney, 470. In the earlier case there seemed to be a doubt whether an acknowledgment in accordance with the provisions of the Act of 1770 was an essential element in a deed to bar the wife's dower, but that question was settled in Kirk v. Dean, 2 Binney, 341, and Barnet v. Barnet, 15 S. & R. 72. That the provisions of the Act of February 24, 1770, 1 Sm. L. 307, remain unchanged by subsequent legislation and retain all their force, has been recently decided by the Supreme Court in the case of Bingler v. Bowman, 194 Pa. 210. The result of these cases clearly establishes that a deed in which a married woman joins is absolutely void, as to her, unless it is executed and acknowledged in accordance with the terms of the act of 1770, from which a married woman's power to convey is now derived. It has been held that where she has received a part of the pur-

chase money, that neither the principle of estoppel nor compensation would prevent her recovering the land; it is not a question of rescission of a contract, but a right of action on the ground that the contract never had any existence. Under such circumstances a married woman is not estopped from asserting her rights. The policy of the law which denies the capacity to do the act, as clearly denies the capacity to confirm it except in the legal mode : Glidden v. Strupler, 52 Pa. 400 ; Davison's Appeal, 95 Pa. 394; Kelso's Appeal, 102 Pa. 7; Caldwell v. Walters, 18 Pa. 79.

Recognizing the force of this rule of property, the parties to the proceeding in Scott's Estate, 147 Pa. 102, in preparing the agreement of separation, caused the same to be duly acknowledged by both parties, in the manner required by law, and the question now presented for our determination, therefore, did not arise in that case. The learned judge of the court below, in his opinion filed, cites the case of Fryer v. Rishell, 84 Pa. 521. That case has no bearing upon the question now presented for decision. Mr. Justice MERCUR, who spoke for the Supreme Court, said : " The mode of conveyance necessary to pass the real estate of a married woman does not now arise. As between the parties a contract of sale operates as a conversion of land into money." In that case the assignment was of a balance of unpaid purchase money. If the appellant, prior to the separation, had joined her husband in a conveyance of this land to a purchaser who paid full value for it, the appellant's right of dower would not have been barred if she had acknowledged that deed in the manner in which her acknowledgment was taken upon the execution of the agreement of separation. If she had continued to live with her husband until his death, she could have then brought an action to enforce her right of dower in lands for which another had paid full value. This for the reason that her deed had not been acknowledged in the manner required by law. The principal purpose of that law was to protect her against the coercion or compulsion of her husband. Is not the danger of coercion greater when husband and wife alone are the parties to the deed, and when the release of dower on the part of the wife is to inure directly and absolutely to the husband? If we hold that postnuptial settlements, or agreements of separation entered into between husband and wife, do not require an acknowledgment and separate examina-

tion of the wife, in order to pass her inchoate right of dower, we make the legislation a nullity in that very class of cases in which the wife is most likely to need the protection of this beneficent statute. If a wife who has lived with her husband in harmony and affectionate regard needs the protection of this statute, how much more are its provisions necessary to the wife who is about to be sent out into the world to take care of herself.

In order that such agreements may be effective to extinguish or to convey any interest of the wife in real estate, they must be executed in accordance with the terms of the statute. There is nothing in reason which ought to lead to a different conclusion ; nor is there authority for the contrary position to be found in any case in which the question was before the court for adjudication. These agreements are to be construed upon the same principles which apply to other postnuptial agreements between husband and wife. The best of faith must be shown upon the part of the husband, and the wife is entitled to the protection of the absolute requirements of the statutes which shield her from imposition : Walsh v. Kelly, 34 Pa. 84. If the mode appointed by the law to ascertain the wife's consent, in order to negative all idea of coercion, has been omitted, viz : an acknowledgment before a competent officer, certified in proper form, a court of equity will relieve against the contract and remit the wife to her rights under the intestate laws : Campbell's Appeal, 80 Pa. 298.

The mere separation of the parties, even if it had involved a desertion of the husband by the wife, was not sufficient to bar her right of dower. Dower does not depend on the existence of the family relation at the time of the death of the husband : Nye's Appeal, 126 Pa. 341. The position of the appellees, therefore, is wholly dependent upon the convenants of the contract, which, not having been executed in accordance with the requirements of the statute, is a nullity so far as it affects the wife's interest in the real estate.

The decree of the orphans' court is reversed, and it is ordered that the record be remitted that further proceedings may be had in accordance with law.

Rice, P. J., and Orlady, J., dissent.