## Villinger *v.* Township of Forks, Appellant.

*Appeals—Nunc pro tunc—Award of viewers—Mistake in filing—Failure to certify to common pleas.*

A petition to allow an appeal nunc pro tunc from an award of viewers alleged that the appeal was taken in time, but that by mistake the clerk of the quarter sessions was unable to find the papers evidencing the filing of the appeal, and failed to certify the record to the common pleas.

On depositions the only evidence offered to support the allegations was based on hearsay testimony which was the subject of objection. In such circumstances the appeal was properly dismissed.

*Judgments—Opening.*

On a subsequent petition for an appeal from the refusal of the court to open or strike off judgment in the common pleas, the basis of complaint was the same as that urged in the petition for the appeal nunc pro tunc.

The petition was heard on the same depositions as were introduced in the former proceeding, and a refusal to allow the appeal will be sustained.

Argued December 5, 1927. Appeals Nos. 44 and 45, October T., 1927, by defendant from order and judgment of Q. S. Northampton County, No. 2, December Sessions, 1920, and order and judgment of C. P. Northampton County No. 66 November Term, 1924, in the case of Frank Villinger v. Township of Forks. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for appeal nunc pro tunc from an award of viewers. Before STEWART, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal. Defendant appealed.

*Error assigned* was the order of the court.

*Donald B. Rockwell,* of *Kent & Rockwell,* for appellant.

*William A. Frack,* and with him *T. McKeen Chidsey* and *Herbert F. Laub,* for appellee.

OPINION BY LINN, J., April 26, 1928:

These two appeals were argued together. One complains of the refusal to permit an appeal nunc pro tunc from the report of viewers. In the quarter sessions, June 12, 1922, the report was confirmed nisi to become absolute in 30 days. No exceptions were filed; nor was an appeal taken pursuant to the Act of May 26, 1891, P. L. 116.

September 26, 1924, a certificate of the award of $1,100 to Frank Villinger was filed in the common pleas and judgment in his favor was entered against Forks Township. Mandamus was awarded to collect the judgment.

November 3, 1924, the township filed its petition for a rule to show cause why it should not be permitted to appeal nunc pro tunc from the award of the viewers. It averred that an appeal had been filed in time but by mistake the clerk of the quarter sessions was unable "to find the papers evidencing the filing of said appeal" and that he also failed in "certifying the records there to court of common pleas in accordance with the act of assembly." Villinger, to whom an award had been made by the viewers, filed a responsive answer denying the averment of mistake, and asserting that no appeal was ever filed and that petitioner was in laches. Depositions were taken; argument was heard and the rule was discharged. The learned presi-

dent judge of the court below filed an opinion considering the depositions and from them found as a fact that no mistake was made by the clerk of the quarter sessions,—a conclusion so obviously well-founded that we shall not recite the evidence supporting it. The only suggestion against it in the brief of appellant does not merit consideration because it is based on hearsay testimony, not only incompetent, but the subject of objection and motion to strike out, when the depositions were taken. As the only ground for relief set up in the petition failed, it is unnecessary to refer to the cases considering the principles on which such relief may be granted in a proper case.

The other appeal by the township is from the refusal to open or strike off the judgment in the common pleas on which the mandamus had issued. The basis of complaint was the same as that urged in the petition for the appeal nunc pro tunc, plus an averment that the township has "a full and just legal defense to the claim of damages on the part of the said Frank Villinger." The disposition of the application to appeal in the quarter sessions required similar disposition of the petition filed in the common pleas (both being heard on the same depositions): to that might be added, if it were needed, that there was no evidence that the township had any defense: Bauer v. Hill, 267 Pa. 559, 564.

No. 44 judgment affirmed.

No. 45 judgment affirmed.