# Spiese, Appellant, v. Shee.

*Judgments by confession—Striking off and opening judgments—Averment of default.*

1. The distinction between striking off and opening a judgment is clear and well settled. It can be stricken off only for irregularity appearing on the face of the record. Relief from it, when regularly entered, and upon which no process has been issued, if defendant is entitled to relief, must come through a motion or petition to open it, such motion or petition being an appeal to the equitable power of the court to let the defendant into a defense.

2. Judgment was entered upon a bond containing an unconditional confession of judgment. The court struck off the judgment because in its opinion the averment of default filed at the time the judgment was entered "was premature and not in violation of the conditions of the bond." *Held,* that the averment of default was not required to be entered and that the judgment was improperly stricken off since the control of the court over the judgment was confined to opening it for cause shown.

Submitted March 14, 1915.   Appeal, No. 328, Jan. T., 1914, by plaintiff, from order of C. P. No. 1, Philadelphia Co., March T., 1914, No. 1805, striking off judgment in case of Franklin Spiese v. Rhoads Shee and Harry C. Dunlap and Henry C. Dunlap.  Before BROWN, C. J., ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ.  Reversed.

Rule to strike off a judgment entered by confession upon a bond.  Before BREGY, P. J.

The opinion of the Supreme Court states the case.

The court entered an order striking off the judgment. Plaintiff appealed.

*Error assigned* was the order striking off the judgment.

*Henry A. Hoefler, Geo. S. Russell* and *Geo. deB. Myers,* for appellant.

*Henry J. Scott,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, July 3, 1915:

This appeal is from an order striking off a judgment. It was entered on a bond given to secure faithful performance of certain covenants of Rhoads Shee, the principal in it.   The judgment was stricken off because, in the opinion of the learned court below, the averment of default filed by the appellant at the time the judgment was entered "was premature and not in violation of the conditions of the bond."

The distinction between striking off and opening a judgment is clear and well settled.   It can be stricken off only for irregularity appearing upon the face of the record.   Relief from it, when regularly entered, and upon which no process has been issued, if the defendant is entitled to relief, must come through a motion or petition to open it, such motion or petition being an ap-

peal to the equitable power of the court to let the defendant into a defense: O'Hara v. Baum, 82 Pa. 416; North & Company v. Yorke, 174 Pa. 349; Davidson v. Miller, 204 Pa. 223; Lawrence v. Smith, 215 Pa. 534; Johnson v. Royal Insurance Co. of Liverpool, 218 Pa. 423.

The bond in the case now before us contains the following unconditional confession of judgment: "Know all men by these presents that we, Rhoads Shee, principal, and Harry C. Dunlap, surety, are jointly and severally held and firmly bound unto Franklin Spiese in the sum of twenty thousand dollars lawful money of the United States of America to be paid to the said Franklin Spiese, his certain attorney, successors or assigns, to which payment well and truly to be made we do bind and oblige ourselves, our heirs, executors and administrators and every of them firmly by these presents. And we do authorize and empower any attorney of any court of record to appear for us or our heirs, executors and administrators and confess judgment in favor of said Franklin Spiese, his successors or assigns, against us or our heirs, executors and administrators in the sum of twenty thousand dollars besides costs of suit with release of errors and waiver of all laws for stay of execution and exemption." Nothing in any other part of the bond, or in the contract or agreement for the faithful performance of which the obligation was given, in any manner changes or modifies the absolute confession of judgment or places any restriction upon the appellant in entering it. He was, therefore, not required to file any averment of default. His right was to enter judgment against the appellees, without giving any reason for doing so, for they had expressly and unconditionally authorized him to enter it. The averment of default filed by the appellant was but a declaration or statement of his cause of action on the bond; but this was not necessary under the statute. "It shall be the duty of the prothonotary of any court of record, within this Common-

wealth, on the application of any person being the original holder (or assignee of such holder), of a note, bond or other instrument of writing in which judgment is confessed, or containing a warrant for an attorney-at-law or other person to confess judgment, to enter judgment against the person or persons who executed the same, for the amount which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed".: Act of February 24, 1806, 4 Sm. 270, 278, (Section 28). Conceding that the proper construction of the bond makes it a mere indemnity, and not an absolute undertaking for the payment of money, execution could have issued on the judgment without writ of scire facias, suggestion or other proceedings to ascertain the damages: McCann v. Farley, 26 Pa. 173.

Whether the appellant can enforce his judgment is an entirely different question to be determined in a proper issue following the opening of it or a writ of scire facias issued upon it. As it was regularly entered, the control of the court over it is confined to opening it for cause shown, and the order striking it off is, therefore, reversed, with costs to the appellant.