## Bethlehem Trust Company v. Strauss.

*Practice—Entry of judgment for want of appearance—Practice Act of 1915 and Act of June 13, 1836.*

The Practice Act of May 14, 1915, P. L. 483, as amended by the Act of March 10, 1921, P. L. 16, does not repeal, nor are any of its provisions inconsistent with, section 33 of the Act of June 13, 1836, P. L. 572, 578, which provides for the entry of judgment for plaintiff for default of appearance by defendant at the return-day, and a rule to strike off such judgment, when it appears that the defendant was served with the writ of summons ten days before the return-day, that the plaintiff filed his statement of claim, and that the defendant failed to appear at the return-day, will be discharged.

Rule to show cause why judgment entered for plaintiff should not be stricken from the record. C. P. Northampton Co., July T., 1922, No. 41.

*D. H. Wilson, H. A. Lehman* and *E. R. Castellucci,* for plaintiff.

*George F. Coffin* and *Smith, Paff & Laub,* for defendant.

STOTZ, J., Oct. 16, 1922.—This is a rule to show cause why judgment entered for plaintiff should not be stricken from the record.

On June 27, 1922, the plaintiff caused a summons in *assumpsit* to be issued, and, coincident therewith, filed its statement of claim. Both the summons and the statement were duly served on the defendant the same day, June 27th, the writ being returnable the second Monday of July, which fell on July 10th. It appears, therefore, that the writ was served upon the defendant ten days before the return-day. Neither an appearance nor an affidavit of defence having been filed by or for defendant on or before the return-day, the plaintiff, on the following day, July 11th, filed its præcipe for judgment for want of an appearance, and judgment was accordingly entered by the prothonotary against the defendant for the amount claimed in its statement.

The defendant's petition for the above rule admits these facts, but says "that the judgment . . . was prematurely entered, as the time required by statute had not elapsed." Is such the fact, and does the court have power to strike it off?

That the court has no power to *strike off* a judgment regular on its face has been frequently decided. Thus, in the comparatively recent case of Spiese *v.* Shee, 250 Pa. 399, Mr. Chief Justice Brown, delivering the opinion of the court, says (at page 400) : "The distinction between striking off and opening a judgment is clear and well settled. It can be stricken off only for irregularity appearing upon the face of the record. Relief from it, when regularly entered, and upon which no process has been issued, if the defendant is entitled to relief, must come through a motion or petition to open it, such motion or petition being an appeal to the equitable power of the court to let the defendant into a defence: O'Hara *v.* Baum, 82 Pa. 416; North & Co. *v.* Yorke, 174 Pa. 349; Davidson *v.* Miller, 204 Pa. 223; Lawrence *v.* Smith, 215 Pa. 534; Johnson *v.* Royal Ins. Co. of Liverpool, 218 Pa. 423."

Does the face of the record of this judgment show any irregularity? None is alleged in the defendant's petition, except that it was "prematurely entered."

Section 33 of the Act of June 13, 1836, P. L. 578, provides that: "If the defendant in any writ of summons as aforesaid shall not appear at the return-day thereof, and the officer to whom such writ was directed shall make return that it was served upon the defendant ten days before the return-day aforesaid, it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon for default of appearance, according to the rules established by the court to regulate the practice in this respect."

The "rules established by (our) court to regulate the practice in this respect" are as follows:

"183. The prothonotary shall enter judgment upon a præcipe duly signed by the party or his attorney, and filed of record in all cases where the party is entitled to a judgment as of course, for want of an appearance, for want of a declaration or statement, for want of an affidavit of defence, for want of an answer, or for want of a plea, in any proceeding where the court is authorized by law to confer that power on the prothonotary, and judgment entered by him in such case shall have the same force and effect as if the same were moved for in open court.

"185. . . . Judgment against the defendant for default of appearance may be entered at any time after the return-day and ten days' service of the writ, without reference to the *quarto die post.*"

It will be seen, therefore, that unless the Act of 1836 has been modified or repealed by subsequent legislation, the ground upon which the defendant now asks the court to strike off this judgment is not tenable, the judgment having been regularly entered in accordance with the terms of the act and the rules of court above quoted. The defendant has not brought to the attention of the court any such repealing or modifying subsequent legislation, or which is inconsistent with section 33 of the Act of 1836, but relies upon the Practice Act of May 14, 1915, P. L. 483, to sustain his contention.

The Practice Act of 1915, as its title indicates and the contents show, relates only to "practice in the Courts of Common Pleas," and prescribed the "pleadings and procedure to be observed therein." It does not purport to regulate the method of bringing a defendant into court, or to define a plaintiff's rights and remedies if he should disregard the court's summons and fail to put in an appearance at the time designated. Its regulations as to the practice, pleadings and procedure to be observed are predicated upon the implied prerequisite that the parties are in court. There is nothing in section 33 of the Act of 1836 which is inconsistent with any of the provisions of the Practice Act, and, that being so, it remains unrepealed and unaffected, so far as the last section of that act is concerned. On the other hand, we have a recognition, as a matter of course, of the "return-day" of the writ or summons, and, by necessary implication, of the continued operation of the Act of 1836, in the last proviso of the Act of March 10, 1921, P. L. 16, amending the Practice Act, which directs that "no affidavit of defence shall be required to be filed . . . in any case before the return-day of the writ or summons." Like the Act of May 25, 1887, P. L. 271, which was also an act regulating pleadings, the Act of 1915 is silent on the question before us, and the courts have decided that the Act of 1836, and a plaintiff's rights thereunder, remained unaffected by the Act of 1887. Thus, in Saupp *v.* Flanigan, 7 Dist. R. 604, it is said: "The Act of June 13, 1836, P. L. 578, expressly provides for judgment for want of an appearance. This act is not repealed by any of the express language of the said Act of May 25, 1887. Said last-mentioned act is silent on the subject of appearance, and when it is remembered that judgment in default of an appearance is a penalty imposed for non-compliance with the terms of the summons (Troubat & Haly's Practice, § 275), and partakes of the nature of punishment for contempt, while the object of the said Act of 1887 was speedily to develop whether there was a defence on the merits, it seems plain that the said Act of 1836 is not repealed, but that judgment for want of an appearance can still be entered. This view is strengthened by the fact that the Act of April 22, 1889, P. L. 41, legalizes rules of court for the entry by the prothonotary of judgment for want of an appearance."

3 D. & C.

See, also, Stebbins v. Leidy Township, 13 Dist. R. 64, and Johnson v. Royal Ins. Co. of Liverpool, 218 Pa. 423, to the same effect.

But while the foregoing decisions construe the Act of 1887 in its relation to the Act of 1836, counsel for plaintiff, in a very competent brief, has directed our attention to the case of Hohman v. Banzhof, 26 Dist. R. 934, which was decided since the passage of the Practice Act of 1915, and in which President Judge Landis says: "The objection that the practice is now regulated by the Act of May 14, 1915, P. L. 483, is a new proposition. By the 1st section of that act, it is provided that the procedure in actions of *assumpsit* and trespass, except actions for libel and slander, shall be as therein provided, and by section 3, that pleas in abatement, pleas of the general issue, payment with leave, set-off, the bar of the statute of limitations, and all other pleas, are abolished. Defences heretofore raised by these pleas are to be made in the affidavit of defence. Again, by section 25, it is declared that 'all acts or parts of acts inconsistent with the provisions hereof are repealed.' But a careful examination of the act fails to disclose any authority therein to enter judgment for want of an appearance. The parties are, therefore, relegated in this respect to the Act of 1836 and the rule of this court. Section 18 does provide that 'in actions of trespass,' when the defendant fails to file an affidavit of defence within the required time, the case shall be deemed to be at issue, and may be ordered upon the trial list,' but this provision does not cover a case where the summons having been regularly served, no appearance has been entered for the defendant."

It would seem, therefore, that if the defendant is entitled to relief, it must come by way of an appeal to the equitable power of the court through a motion or petition to open the judgment and let the defendant into a defence: Spiese v. Shee, 250 Pa. 399.

Now, Oct. 16, 1922, rule discharged.

From Henry D. Maxwell, Easton, Pa.