## General Finance Company v. Wasilowski.

*Judgments—Rule to strike off—Warrant of attorney—Affidavit of default —Certificate of residence of creditor—Act of March 31, 1915, P. L. 39.*

1. Where a lease contains an express and unconditional authority to confess judgment "for the purpose of securing the rentals," an affidavit of default is not necessary to support a judgment entered in accordance with the authority contained in the lease.

2. Where judgment is entered pursuant to warrant of attorney contained in a written lease, and the lease itself shows the residences of the plaintiff and the defendant, over their signatures, the lease constitutes a certificate signed by the judgment creditor, setting forth his precise residence, and the judgment will not be stricken off for failure to file a separate certificate.

Rule to strike off judgment. C. P. Schuylkill Co., Jan. T., 1924, No. 509.

*R. S. Bashore,* for plaintiff; *M. J. Ryan,* for defendant.

Koch, J., May 5, 1924.—Judgment in this case was entered because of alleged defaults in the payment of rent on a lease for an automobile. On its face the lease shows that the plaintiff is located at the northwest corner of Broad and Vine Streets, Philadelphia, Pa., and the defendants at No. 638 West Centre Street, Mahanoy City, Pa. The lease is dated Dec. 3, 1923, and by its terms $359.75 were paid in advance at the signing of the lease and $25 were to be paid on each Monday thereafter for a period of twenty-eight weeks. The first provision in the lease is that, "It is distinctly understood that this is a contract of renting only, and not of sale, conditional or otherwise." The

General Finance Company *v.* Wasilowski.

lease contains a warrant of attorney to confess judgment "for the whole amount of the rent unpaid and costs" upon failure of the defendants to comply with any of the covenants of the lease. The warrant "further authorizes the prothonotary to tax a commission of 20 per cent. as attorney's commission for collection." The "lessor shall have the right to enter judgment for the purpose of securing the rentals." "The remedies to the lessor are cumulative, not alternative," and "it is agreed . . . that, in the event of default, the whole unpaid rental shall become due and payable at once without notice or demand." The lease provides that "a copy of this agreement of lease may be used for all purposes with the same force and effect as the original." The judgment was entered after one Lewis L. Shlifer had filed an affidavit averring that defendant had "defaulted in the terms of said lease and in that he had failed to make his payments of rental due . . . and that the balance of unpaid rents is seven hundred ($700.00) dollars, and the hereto attached lease is a true and correct copy of the original lease dated 3rd of December, A. D. 1923." The original lease was filed in this case, but it was not attached to the affidavit.

In their petition for the pending rule the defendants say that they "have stood ready, and still stand ready, to pay all instalments or weekly rentals at No. 638 West Centre Street, in Mahanoy City, Pennsylvania; that no demand or claim has been made at the said place for said rentals or part thereof by the plaintiff or its agent; . . . that there is nothing of record to show who Lewis L. Shlifer is, who made said affidavit or by what authority he made it. Nor is there any evidence on the record that he is in any manner connected with the said plaintiff or has any authority to act for the said plaintiff; . . . that the affidavit does not set forth upon what the default is based, nor has it any lease or other paper in writing attached thereto and made part of the said affidavit of default." Such affidavit was not necessary. An attorney appeared and entered the judgment, and the lease provides that judgment may be entered even only "for the purpose of securing the rentals." Besides, the covenant to confess judgment is unrestricted; the authority conferred by it is express and unconditional, and no averment by affidavit or otherwise was necessary: Spiese *v.* Shee, 250 Pa. 399. The defendant insists this judgment must be stricken from the record because "no certificate of residence of the plaintiff is filed in this case."

The Act of March 31, 1915, P. L. 39, provides: "That the prothonotary in each county is hereby directed not to enter any judgment unless the judgment creditor, or his duly authorized attorney or agent, produces to the prothonotary a certificate signed by the judgment creditor, or by his duly authorized attorney or agent, setting forth the precise residence address of said creditor. The certificate shall be filed at the same number and term as the judgment." And "the prothonotary shall monthly prepare and deliver to the county authorities, who assess property for county purposes, a list of all judgments entered during the preceding month, with the names and residence addresses of the respective judgment creditors and the amount of the respective judgments." The prothonotary is, therefore, without authority to enter a judgment unless the judgment creditor produces a certificate required by this act.

But the lease itself shows the residence of the plaintiff as well as of the defendant; and, as the lease is signed by the plaintiff, it constitutes a certificate signed by the judgment creditor, setting forth the precise residence of the said creditor. And it has been filed to the same number and term as the judgment.

True, the lease does not say where the rental was or is to be paid. "In the absence of any agreement upon the subject, a debt is payable where the cred-

itor resides, or wherever he may be found; and ordinarily the debtor in such case is bound to seek the creditor to make payment to him, provided the creditor is within the State when the payment is due:" 30 Cyc., 1185 *(E)*.

We find no valid reason for setting the judgment aside.

And now, May 5, 1924, the rule is discharged.

From M. M. Burke, Shenandoah, Pa.