# Commonwealth, to use, *v.* McLaughlin Contracting Co. et al.

*Judgment — Confession of judgment — Indemnity bond—Averment of default—Judgment against surety.*

Where a contract for a public improvement, accompanied by an indemnity bond, provides for an averment of default before judgment shall be entered against the contractor, without any such provisions as to the surety on the bond, and the bond itself contains no such requirement, judgment may be confessed against the surety without averment of default. Spiese v. Shee, 250 Pa. 399, followed.

Argued May 8, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 80, March T., 1927, by plaintiff, from order of C. P. Westmoreland Co., Aug. T., 1926, No. 549, making absolute rule to strike off judgment, in case of Commonwealth to use of Westmoreland County v. McLaughlin Contracting Co. of Pittsburgh as principal and Maryland Casualty Co. of Baltimore, Maryland, as surety. Reversed.

Rule to strike off judgment. Before COPELAND, P. J. The opinion of the Supreme Court states the facts. Rule absolute. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting record.

*William S. Rial,* with him *H. E. Marker,* for appellant, cited: Integrity T. & Ins. Co. v. Rau, 153 Pa. 488; Pacific Lumber Co. v. Rodd, 287 Pa. 454; Kolf v. Lieberman, 282 Pa. 479.

*Oliver K. Eaton,* with him *Edward G. Bauer* and *J. Hilary Keenan,* for appellees, cited: Spiese v. Shee, 250 Pa. 399,

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 21, 1928:

The court below struck off a confessed judgment, entered by virtue of a warrant of attorney contained in an indemnity bond accompanying a road improvement contract between the principal defendant as contractor and the County of Westmoreland, use-plaintiff; hence this appeal. In an opinion written to sustain the order here complained of, the court below states, "In [Spiese v. Shee, 250 Pa. 399, 401], where the Supreme Court reversed the order of the court below, striking off a judgment entered on a bond given to secure faithful performance of certain covenants of one of the defendants, who was principal,......the court, as a reason for its action, said: 'nothing in any other part of the bond or in the contract or agreement for the faithful performance of which the obligation was given, in any manner changes or modifies the absolute confession of judgment or places any restriction upon the appellant in entering it.'" This authority, which the court below sought to distinguish, rules the present case, and that tribunal erred in not following it. Defendant contends that an averment of default was necessary and that, in the absence of such an averment, the judgment was properly stricken from the record. While the contract provides for an averment of default before judgment shall be entered against the contractor, there is no such provision in connection with the entry of judgment against the surety on the bond. The latter instrument particularly provides that a "statement of the breach or breaches," because of which plaintiff county claims a loss, shall be filed by the county commissioners in the "court aforesaid," meaning in the court wherein judgment had already been confessed on the bond, before execution may issue. This plainly indicates that no averment of default was necessary at the entry of judgment, and, as in the Spiese Case, there is nothing in the accompanying contract which in any manner changes or modifies the

right to an absolute confession of judgment or places any restriction upon the county in entering it.

The order appealed from is reversed and the judgment is reinstated.