## Green v. Bartlett Tours Company.

*Taylor, Robey, Hoar & Nicholson,* for plaintiff.
*Porter, Foulkrod & McCullagh,* for defendant.

MARTIN, P. J., June 11, 1928.—Defendant is tenant in a property, No. 1415 Locust Street, in the City of Philadelphia, under a written lease from the owner, William Goldstein, dated Feb. 4, 1924, for a term of six years from March 1, 1924, at the annual rent of $5500, payable monthly in advance in sums of $458.34.

The rent was paid by check sent by mail to the agents of the landlord.

After executing the lease, Goldstein made a mortgage secured upon the property.

Default was made in the payment of interest, the mortgage was foreclosed and the property was sold by the sheriff to Charles J. Green.

There was some confusion as to who was entitled to rent falling due in advance on Aug. 1, 1927. The president of defendant was absent in Europe on business of the company, but on Aug. 5, 1927, defendant delivered to plaintiff a check, dated Aug. 1, 1927, for $416.68, in payment of the rent. Plaintiff refused to receive the check and returned it to defendant, and on Aug. 3rd wrote to defendant:

"In accordance with the terms of your tenancy, the sum of $416.68, as one month's rent in advance for the front store and ground floor of premises 1415 Locust Street, became due and payable on Aug. 1, 1927. Likewise, the sum of $50 for the middle office became due and payable on the same day. Having failed and neglected to so make payment, you are hereby notified and advised that because of your breach, the leases under which you hold tenancy are abrogated by me and declared null and void. Possession of the premises demised is hereby demanded by me and you are required to vacate forthwith. Unless you advise me promptly of your intention to vacate, ejectment proceedings will be commenced against you without further notice."

Subsequently, all the rent was paid in full by defendant and accepted by plaintiff under an agreement that the acceptance of rent should not prejudice any rights plaintiff had under the terms of the lease.

On Oct. 3, 1927, plaintiff filed a copy of the lease with an affidavit, averring that, in violation of the provisions of its lease and covenant, the lessee failed to pay the rent due Aug. 1, 1927, in advance, and that, in consequence thereof, the lease had been canceled and terminated by the plaintiff, successor and assignee of the lessor, in accordance with the provisions relating to such termination, and that the defendant's rights in and to the lease had, therefore, ceased and determined. Judgment against the defendant was entered by the prothonotary, and a writ of *habere facias* issued.

Defendant filed a petition, averring that the affidavit was false and untrue, in that defendant did pay to plaintiff the rent due Aug. 1, 1927, in advance, by a check which was deposited by plaintiff, and that all monthly rental payments made by the defendant under the lease, prior to Aug. 1, 1927, had been paid by defendant by checks, which were received and accepted, and that defendant paid the rent due on Sept. 1, 1927, and Oct. 1, 1927, by checks, which were accepted by plaintiff.

A rule was granted on Oct. 5, 1927, to show cause why the judgment should not be opened.

Plaintiff filed an answer, denying that the affidavit filed by plaintiff was false and untrue, and averring that it was true and correct; that defendant did fail to pay in advance the rent due Aug. 1, 1927, and that he notified the defendant that the lease was abrogated by reason of the failure to pay the rent, and that possession of the demised premises was demanded; and that, on Aug. 5, 1927, he received, by mail, a check in the sum of $416.68 for the rent due Aug. 1, 1927, but refused to accept the check and returned it to the defendant by mail. It was admitted in the answer that plaintiff received the check dated Aug. 1, 1927, but denied that the check was in payment for the rent due Aug. 1st in advance, but averred that the check was given and accepted on Aug. 22, 1927, as a result of an agreement between plaintiff and counsel for defendant providing, if the plaintiff would withhold action for the possession of the demised premises until certain officers of the defendant cor-

poration returned from Europe, defendant would pay for the use and occupation of the premises in the meantime, as diminution of the damages for detention, and that it was agreed the payment and acceptance of the check was to be without prejudice to any claims that might be made as to the status of the lease caused by the failure of the defendant to pay the rent due Aug. 1st in advance.

It is admitted that the monthly payments for rent made by the defendant under the lease, prior to Aug. 1st, had been made by checks which were received and accepted by the landlord, but it was denied that the payments made by the defendant to the plaintiff on Sept. 1, 1927, and Oct. 1, 1927, were for monthly rental payments under the lease, but it is averred that the checks were accepted in accordance with the agreement between plaintiff and defendant's counsel, that no prejudice would result as to the status of the lease occasioned by the failure of the defendant to pay the rent due on Aug. 1st.

On Dec. 5, 1927, defendant filed another petition, setting forth the facts averred in the former petition and averring that judgment in ejectment had been entered, a writ of *habere facias* issued, and that the affidavit of plaintiff filed to support the judgment was insufficient.

On Dec. 5, 1927, a rule was granted to show cause why the judgment should not be stricken off.

No depositions were taken, the parties having agreed upon the facts.

There was no place stipulated in the lease where the rent was to be paid. It was uniformly paid by checks sent by mail, and all rent has now been paid in full to date upon the understanding that its receipt by plaintiff was without prejudice.

It is admitted that the rent due Aug. 1st in advance was subsequently tendered and paid before the judgment was entered, and it is also admitted that no demand for payment of the rent was made on the premises by the plaintiff.

In Lynch *v.* Gas Co., 165 Pa. 518, 521, it was said by Mr. Justice Mitchell: "There is a wide distinction even in equity between forfeitures for failure of punctual payment of money where time is of the essence of the contract and where it is not. If parties choose to stipulate for matters as essential, it is not for courts to say that they are not so, but in the absence of a clear agreement for materiality, courts will look into the nature of the transaction and be governed by the real bearing of the facts upon the intentions and rights of the parties. Hence, it is a settled general rule that where time is not stipulated as essential and a forfeiture for non-payment of money or other matter that admits of accurate and full compensation is provided as a mere penalty whose object is to enforce performance of another and principal obligation, equity will relieve against it and will not permit it to be used for a different and inequitable purpose: Story, Equity Jur., § 1316."

Where no place is mentioned in a lease for payment of rent, it is incumbent on the landlord to show a demand on the land previous to a declaration of forfeiture. A habit between the parties for the tenant to seek the landlord and pay will not relieve the latter from the necessity of formal and legal demand on the land if he seeks to make non-payment the basis of a forfeiture: Rea *v.* Eagle Transfer Co., 201 Pa. 273; Shapiro *v.* Malarkey, 278 Pa. 78, 83.

While the letter declaring the intention of the landlord to forfeit the lease was written before the tender or acceptance of the check for the rent due Aug. 1st, the tender was made and the check accepted prior to the entry of the judgment. There was no right in the landlord to forfeit the lease for non-payment of rent before a demand for payment was made upon the land.

In Artzerounian v. Demetriades, 276 Pa. 303, it was declared that a forfeiture is abhored at law as in equity, and, where the rights of one of the parties will be injured by declaring a forfeiture, the courts will not be slow to seize on a reasonable opportunity to prevent it. As a general proposition, equity will relieve against a forfeiture where to permit a forfeiture to be enforced would be unconscionable.

"Forfeitures, in equity, are regarded with extreme disfavor, and, where compensation can be made for non-performance, a court of equity will ordinarily give relief against forfeiture. This is on the principle that a court of equity is a court of conscience and will permit nothing to be done within its jurisdiction which is unconscionable, and that a person having a legal right shall not be permitted to avail himself of it for the purpose of injustice and oppression:" 16 A. L. R. 437.

In Homet v. Singer, 35 Pa. Superior Ct. 491, it was stated that, among other requirements necessary to establish the right of forfeiture, "the proof of the happening of the event upon which it is to be exercised must be clear; such right must be exercised promptly, and the result of enforcing the forfeiture must not be unconscionable."

Having failed to make demand upon the leased premises for payment of the rent, plaintiff was not entitled to forfeit the lease.

"The distinction between striking off and opening a judgment is clear and well settled. It can be stricken off only for irregularity appearing on the face of the record. Relief from it, when regularly entered, . . . if the defendant is entitled to relief, must come through a motion or petition to open it, such motion or petition being an appeal to the equitable power of the court to let the defendant into a defense:" Spiese v. Shee, 250 Pa. 399, 400.

"A rule to strike off a judgment is a common-law proceeding, raising questions of irregularity or insufficiency apparent upon the face of the record. A rule to open judgment is an equitable proceeding. The two are not interchangeable, and where the parties do not consent thereto, one cannot be substituted for the other by the court:" Hamborsky v. Magyar Presbyterian Church, 78 Pa. Superior Ct. 519.

And now, to wit, June 11, 1928, the rule to show cause why the judgment should not be opened and the defendant let into a defense is made absolute; the rule to show cause why the judgment should not be stricken off is discharged.