446

[redacted]

Lebanon Valley National Bank *v.* Henning (et al., Appellant).

[redacted]

Argued October 3, 1969. Before BELL, C. J., COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

[redacted]

*Thomas A. Behney,* for appellant..

No argument was made nor brief submitted for appellee.

OPINION PER CURIAM, January 9, 1970:

Judgment affirmed on the authority of *Commonwealth v. McLaughlin Contracting Co.,* 293 Pa. 313, 142 Atl. 274 (1928); *Pacific Lumber Co. v. Rodd,* 287 Pa.

454, 135 Atl. 122 (1926); *Shapiro v. Malarkey,* 278 Pa. 78, 122 Atl. 341 (1923), and *Rose v. Cohen,* 193 Pa. Superior Ct. 454, 165 A. 2d 264 (1960).

Mr. Justice EAGEN dissents.

Mr. Justice JONES took no part in the consideration or decision of this case.

————

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

This case involves the validity of a confession judgment entered without averment of default and for the total accelerated amount of the debt pursuant to a warrant of attorney contained in an installment judgment note. The note itself is relatively short, consisting of only six paragraphs, most of them no more than a sentence long. The first two paragraphs state that the face amount of the debt is $39,715.00, that the debt is to be paid in twenty-nine monthly installments of $1324.00 each, and that there is a delinquency charge of $.05 per dollar for each payment which is more than fifteen days late. The third paragraph contains an acceleration clause, which says that: *"In case of default* in the payment of any installment as the same becomes due and payable, the entire balance due hereunder shall, at the option of the holder, at once become due and payable without demand or notice to me, us or either of us." (Emphasis added.) The fourth paragraph sets forth those items which serve as collateral for the loan and permits the lender to take possession of and/or sell the collateral in the event of a default. The fifth paragraph provides for the confession of judgment and reads as follows:

"And further, I/We or either of us do hereby empower any attorney of any Court of Record within the United States or elsewhere, to appear for me, us or either of us and with or without one or more declarations filed, confess judgment against me, us or either of us and in favor of the payee or any assignee of this

note, as of any term for the above sum with costs of suit and attorney's commission of 15%, for collection, and release of all errors, and without stay of execution . . . ."

Assuming arguendo that confessions of judgment can be constitutionally valid, cf. *Sniadach v. Family Finance Corp. of Bay View*, 395 U.S. 337, 89 S. Ct. 1820 (1969), I still have two very serious problems with the confession judgment involved in this case.

My first objection is fairly specific. I do not believe that the terms of this note permit entry of judgment without at least an averment of default. I reach this conclusion for three reasons. First, because the acceleration clause and every other forfeiture and penalty provision in the note is clearly conditioned upon default. Secondly, because the confession provision begins with the words "And further," thereby indicating that the confession provision is dependent upon and not separate from the other terms and conditions in the note. And finally, because permitting the entry of judgment without at least an averment of default would render the note's acceleration clause utterly meaningless. The note is simply internally inconsistent if one clause is read to mean that the entire balance is due and payable only upon default while another portion is interpreted as permitting entry of judgment for the *entire* balance without so much as an averment of default. Certainly, the best that can be said is that the note is ambiguous as to the necessity of averring default before judgment can be entered. Since any ambiguity ought to be construed both against the party responsible for writing the instrument and against the harsher of the possible interpretations, I would not permit this judgment to stand.

My second objection to this judgment is more fundamental. It is my view that this confession of judgment clause does not state in a sufficiently clear and under-

standable manner the consequences of agreeing to its provisions.

Confessions of judgment are waivers of very substantial rights. They vest in one party the ability to obtain a judgment ex parte and without resort to the adjudicatory process. They permit a party to utilize the power of the judicial system without requiring his submission to its discretion. As long ago as 1824 it was said that a confession of judgment was "the loosest way of binding a man's property that ever was devised in any civilized country." *Alderman v. Diament*, 7 N.J.L. 197, 198 (Sup. Ct. 1824). Concern for basic fairness and for the integrity of the judicial process should impel us to refuse to countenance a consumer's abandonment of rights as substantial as those which are given up by the signing of a confession judgment note without at least being very certain that the consumer's waiver was made with a full knowledge of the consequences. Cf. Pa. R. C. P. 2951-2961 (effective January 1, 1970).

It is my belief that the language of the instant note is woefully inadequate when measured by this standard. It simply does not make clear the practical effect of its terms or give the signer adequate notice of those rights which are being surrendered. Surely, the average signer of a note which contains the power to confess judgment would have no idea of what rights he was abandoning by virtue of the agreement. Given this, I cannot find that Kenneth Henning actually and knowingly agreed to the drastic and summary treatment which the majority finds permissible under the terms of this note. I am therefore unwilling to sustain the validity of this confession judgment. A confession provision is so basically fraught with unfairness that it should not be enforceable without clear and certain indications that the party against whom it is invoked knowingly and unequivocally waived his rights.