# A. F. VOLKENAND v. MILTON DRUM.

|143　525|
|153　492|

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY.

Argued April 15, 1891—Decided October 5, 1891.

(*a*) In August, 1886, judgment was entered by the prothonotary by virtue of a warrant of attorney in a note bearing date April 1, 1888, payable one year after date. In April, 1888, a rule to open the judgment and let the defendant into a defence was granted, and subsequently made absolute.

(*b*) On the trial of the issue, it was discovered that the judgment had been entered before the date of the note, whereupon a juror was withdrawn and the cause continued. Subsequently, a rule to strike off the judgment and to dismiss the issue thereon, was made absolute:

1. In the absence of evidence to the contrary, it must be presumed that the note was delivered to the plaintiff as evidence of a then existing indebtedness payable in future, and that the warrant of attorney was incorporated as a further security, and to facilitate collection after maturity.

2. There is nothing on the face of the paper to indicate that the warrant was to be available only at a future time, or on a default, as in Stokely v. Robinson, 34 Pa. 316. On the contrary, the warrant became operative, at the pleasure of the payee, immediately on delivery. The order striking off the judgment was therefore error.

3. The fact that, after the rule to strike off the judgment was made absolute, the plaintiff, with leave, withdrew the note from the files and entered judgment anew thereon, would not estop him from alleging error in the order striking the original judgment from the records.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 114 January Term 1891, Sup. Ct.; court below, No. 576 October Term 1886, C. P.

On August 24, 1886, the prothonotary of the court below entered judgment in favor of A. F. Volkenand against Milton Drum, "for $750, payable one year after date," on a note under seal bearing date April 1, 1888, signed by the defendant, whereby the latter promised to pay to the order of the plaintiff $750 one year after date, with six per cent interest, "empowering any attorney of any court of record within the state

of Pennsylvania, or elsewhere, to appear for me and confess judgment against me as of any term, for the above sum, with costs of suit," etc.

On April 2, 1888, upon the petition of the defendant a rule was granted to show cause why the judgment should not be opened and the defendant let into a defence. This rule, on May 27, 1889, was made absolute, and an order made opening the judgment, etc., the note to stand for a declaration, etc.

On June 9, 1890, issue was joined and the cause called for trial. On June 11th, when the case was closed on the testimony, and counsel were addressing the court on the questions of law involved, it was discovered for the first time, as was alleged, that the date of the note was about eighteen months subsequent to the date of entry of the judgment. Thereupon, against the plaintiff's objection, as was stated, the court of its own motion directed a juror to be withdrawn, and that the cause be continued.

The next day, June 12, 1890, on motion of the defendant a rule was granted to show cause why the judgment entered on the note should not be stricken off, and the issue growing out of the same dismissed.

Said rule having been argued, the court, WOODWARD, J., on October 27, 1890, filed the following opinion:

The judgment in this case was entered on August 24, 1886, upon a judgment note dated April 1, 1888. In other words, the note was entered up some twenty months before its date. It is admitted that the date of the note was in accordance with the wishes and agreement of the parties, who undertook a settlement of their affairs without professional assistance, with the not unusual result of proving the truth of an ancient maxim applicable to all those who believe that every man should be his own lawyer. There is no clerical error in this case, and the simple question is whether the entry of the note on August 24, 1886, in the office of the prothonotary, made it a judgment or not. The motion to strike off the judgment is based upon the irregularity appearing upon the face of the record.

The authority of the prothonotary to enter judgment by confession was first conferred by § 8, act of March 21, 1806, 4 Sm. L. 330, in reference to amicable actions. This statute authorized

Opinion of Court below.

the prothonotary, without the agency of an attorney and upon the application of the parties, to receive agreements for amicable actions and to enter judgment in such actions for the amount confessed to be due, etc.   Section 77, act of April 14, 1834, P. L. 355, in defining the powers and authority of prothonotaries and clerks, provides, among other things that " they may enter judgments at the instance of plaintiff upon the confession of the defendant."

In Banning v. Taylor, 24 Pa. 297, LEWIS, C. J., in discussing the right of a court to strike off a judgment by confession, said: " The right to a judgment, without process of law or trial by jury, is one which must necessarily be tried by the court. It is an incident to the jurisdiction, and to the undispensable duty of supervising its records." In that case, the judgment had been prematurely entered, as a condition of the bond was that no judgment should be entered until a sixty-day default in payment of interest, and it was held to be the duty of the court to have ascertained, as in truth was the fact, that no such default existed. The court said, " there is therefore no absolute power to enter judgment," etc.   See also Stokely v. Robinson, 34 Pa. 316.

Construed upon its face, the confession of judgment in the case before us bore date and took effect on the first day of April, 1888, and until that time arrived the prothonotary could not be authorized to enter judgment upon the note.   Although entered by the prothonotary at the request of the party holding it, the note contains a power of attorney, as follows: " I do hereby empower any attorney of any court of record within the state of Pennsylvania, or elsewhere, to appear for me and confess judgment against me as of any term, for the above sum, etc. . . . . and no benefits of exemption to be claimed under and by virtue of any exemption law now in force or which may hereafter be passed," etc.   Could this power of attorney be held to relate backward, so as to permit an entry of judgment in pursuance of it nearly two years before it bore date ?   We think not.   And it seems fair to hold that what an attorney, acting under special authority to confess judgment, could not have done with this note, the prothonotary under the general authority of the statute could not do.   He has no jurisdiction to recognize the confession of judgment, so as to enter it of record until on or after the day of its date.

It is difficult to understand exactly why this judgment note was post-dated. The business transaction between these parties, which resulted in the execution of the notes of which this is one, occurred in 1886. Why the note and confession of judgment were not made of that date and the time of payment fixed at any subsequent day which their contract called for, is not satisfactorily explained. A possible reason would be that the defendant, the maker of the note, was not willing to encumber his real estate by the lien of a judgment, until after the lapse of a certain time; and, to promote that result, fixed upon the date named in the note as the point of time for the judgment to acquire its lien. In the absence of any distinct evidence on the subject, we would probably be justified in assuming such a fact, as a fair presumption from all the circumstances of the case.

If we are correct in our views of the main question involved in this case, that is, the right and authority of the prothonotary to enter judgment on the note as of August 24, 1886, then it follows that the rule in this case to open the judgment was erroneous. The rule should have been that now before us, to strike off or set aside the judgment; for, as was said by SHARSWOOD, J., in O'Hara v. Baum, 82 Pa. 420, a "motion to set aside or strike off a judgment must be on the ground of irregularity appearing upon the face of the record; a motion to open it is an appeal to the equitable power of the court, to let the defendant into a defence.

The rules in this case are made absolute.

—Thereupon the plaintiff took this appeal, assigning the order making said rule absolute, for error.

*Mr. George H. Troutman* (with him *Mr. John Lynch*), for the appellant:

1. The error into which the court below fell was, we submit, in giving absolute effect over the whole instrument to the day of the date of the note, a date which was only important as helping to define the terms of a contract; whereas, so far as the confession of judgment was concerned, a matter of security merely, such date was really immaterial. The date of a confession of judgment is, we repeat, immaterial, because it must be apparent that if a paper containing such confession bore

Arguments.

no date whatever, and was produced in court in actual physical existence, it could certainly be entered in judgment by the prothonotary " against the person who executed it," under the authority of the act of February 24, 1806, 4 Sm. L. 278, and a judgment so entered would have all the incidents of any other judgment. The act to which we make reference, in no part of it requires the confession of judgment to be dated; all that it seems to require is the actual production of a " note, bond or other instrument in which judgment is confessed . . . . . or containing a warrant to confess judgment." These few conditions were fulfilled in the judgment note in suit.

2. It must not be forgotten too that, at the time of striking off the judgment entered August 24, 1886, that judgment stood open on the record, after application by the defendant upon the merits, an issue of fact directed at defendant's instance, a jury sworn, a trial of nearly three days duration, a juror withdrawn and the case continued. That is to say, the defendant who had executed the post-dated paper, having taken his chances under an issue of fact, now raises a question of law and seeks its benefit here. He is too late, we submit, even if there should be merit in his contention. The paper he executed was binding upon him because he executed it; it was binding upon the plaintiff because he took it as a promise and security, and acted upon it. And the rights of no other persons are shown or claimed to be affected or infringed.

3. There is, too, a plain distinction, growing out of the language of the instrument itself, between the promise to pay, which was an agreement on the part of the defendant, and the confession of judgment which was the creditor's security. The debtor's agreement is in these words: " One year after date I promise to pay," etc. Here the date is important, as fixing the date when, as between the parties, a debt due should become a debt payable. But the confession of judgment, the creditor's security, is in words of the present tense, " I do hereby empower any attorney . . . . . to confess judgment against me as of any term." Could an intent on the part of the defendant to confer present authority to enter a judgment against him, be couched in plainer language? And just here is the vital

Opinion of the Court.

distinction between this case and that of Banning v. Taylor, 24 Pa. 289, cited in the opinion of the court below.

*Mr. John McGahren* (with him *Mr. A. R. Brundage*), for the appellee:

The appellant has no reason to complain concerning the decision of the court, for the reason that he ratified and confirmed it by his own conduct, and is now estopped from contesting it. The court made absolute the rule to strike off the judgment, entered in the said case, on the twenty-seventh of October, 1890. And on the same day, the plaintiff, by his attorney, having obtained an order or permission from the court to withdraw the note from the case in which it was originally entered, filed or re-entered said note to No. 232 December Term 1890. By this means he acquired a new judgment and a new lien. And nothing was left in the original case on which to base either a judgment of affirmance or reversal, touching the decision rendered by the court below. This was tantamount to an affirmance of the judgment or decision rendered, and it is now too late to assign error thereto.

OPINION, MR. JUSTICE STERRETT:

The judgment in question was entered by virtue of a warrant of attorney contained in defendant's sealed note, of which the following is a copy:

"$750.00.                    HAZELTON, April 1, 1888.

"One year after date I promise to pay to the order of A. F. Volkenand seven hundred and fifty dollars, with six per cent interest, without defalcation, value received; and, further, I do hereby empower any attorney of any court of record, within the state of Pennsylvania or elsewhere, to appear for me and confess judgment against me as of any term, for the above sum, with costs of suit, and attorney's commissions of ten per cent for collection," etc.

The note was filed, and judgment entered thereon by the prothonotary, August 24, 1886. In April, 1888, a rule to show cause why the judgment should not be opened and defendant let into a defence was granted, and afterwards made absolute. In June, 1890, on the trial of the issue, it was brought to the notice of the court that the date on the note was about eight-

een months subsequent to the entry of the judgment, and thereupon a juror was withdrawn and the cause continued. A rule then granted to show cause why the judgment should not be stricken off and the issue dismissed, was afterwards made absolute. To that action of the court the plaintiff excepted, and took this appeal. The single question is whether the learned judge erred in holding that the judgment was void, and ordering it to be stricken from the record. We think he did.

The warrant of attorney was not dependent for its efficacy on the date placed at the head of the note. The purpose of that date was to designate the day of payment. The promise was to pay in one year from April 1, 1888. It might as well have been drawn so as to read, " On the first day of April, 1889, I promise to pay," etc. The note was evidently post-dated. It was actually executed and delivered before the judgment was entered, but how long before does not appear. It cannot be doubted, as a physical fact, that the note was in plaintiff's possession before he delivered it to the prothonotary. In the absence of any evidence to the contrary, it must be presumed that the note was executed and delivered to plaintiff, as evidence of an existing debt payable on a day certain in the then future, viz., in one year from April 1, 1888; and that the warrant of attorney was incorporated therein as a further measure of security, and for the purpose of facilitating collection of the debt after maturity. There is nothing on the face of the paper to indicate that the warrant was intended to be available only at a future time, or in the event of default, etc., as in the case of Stokely v. Robinson, 34 Pa. 316. On the contrary, the language employed shows that it was intended to become operative, at the pleasure of the payee, immediately on delivery. The error into which the learned judge fell was in assuming that it was inoperative prior to the date found on the note.

It has been suggested by the appellee that plaintiff is estopped from alleging error in the order striking off the judgment, because he acquiesced in the action of the court by subsequently withdrawing the note from the files, and entering judgment thereon anew. No such subsequent action of the plaintiff appears in this record; but, assuming that he did

what is alleged, it would be a sufficient answer to say that he ought not to be prejudiced by a vain attempt to protect himself as best he could from the consequences of an erroneous order of the court. If that order was unwarranted, as we think it was, the error cannot be condoned by plaintiff's effort to protect himself against the possible consequences thereof.

The order striking off the judgment is reversed, and judgment reinstated.