## The Integrity Title Insurance, Trust & Safe Deposit Co., Appellant, v. Rau et al.

*Judgment—Warrant of attorney to confess judgment—Entry of judgment as security before debt due.*

In the absence of a restriction or condition to the contrary, judgment may be entered upon a warrant of attorney accompanying a bond, before the debt becomes due; but execution cannot issue until default in payment.

A bond in its first paragraph was absolute for the payment of forty-eight hundred dollars. Then followed the condition that whereas certain notes are held by plaintiff, payable as set forth, now the condition is such that if said notes are paid as they become due, then the obligation of the bond is to be void, with a further condition that upon default in the payment of any one of the notes all the others shall become immediately due and payable. Accompanying the bond was a warrant of attorney to confess judgment in any appropriate form of action upon said obligation, "as of any term or time past, present or any other subsequent term or time." There was no condition, limitation or restriction of any kind in either the bond or the warrant of attorney as to the time of the judgment to be entered, or its amount, within the penal sum of the bond. *Held*, that judgment might be entered before any of the notes were due.

As security, the creditor has a right to as large collateral, and as many different forms of it, as the parties chose to contract for. That is a matter with which the court cannot interfere. But the enforcement of satisfaction, by execution or otherwise, is a matter to be governed by the rights and equities of the parties, and comes within the jurisdiction of the court. In the present case the creditor did nothing more than enter up his judgment on the bond, as part of the security agreed on. In so doing he was within his strict legal rights, and the court had no authority to interfere with his action.

Argued Jan. 17, 1893. Appeal, No. 152, July T., 1892, by plaintiff, from order of C. P. No. 3, Phila. Co., March T.,

1892, No. 993, making absolute rule to strike off judgment against defendant, John F. Rau et al.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Rule to strike off judgment.

From the record it appeared that judgment was entered on a warrant of attorney accompanying a bond.    The bond was as follows:

" Know all men by these presents, that we, John F. Rau, Peter Rau, William H. Snowden and Edwin S. Bonbright, all of the city of Philadelphia, are held and firmly bound unto The Integrity Title Insurance, Trust and Safe Deposit Company in the sum of $4,800 lawful money of the United States of America, to be paid to the said The Integrity Title Insurance, Trust and Safe Deposit Company, their certain attorney, successors or assigns; to which payment well and truly to be made we do bind ourselves, and each of us, our and each of our heirs, executors and administrators, jointly and severally, firmly by these presents, sealed with our seals, dated the 2nd day of February, in the year of our Lord 1892.

" Whereas, the said The Integrity Title Insurance, Trust and Safe Deposit Company are the holders of twenty-three certain promissory notes, dated respectively the first day of February, 1892, drawn by the said John F. Rau, to the order of himself, and by him indorsed: [describing the notes, maturing at different dates.]

" Now the condition of this obligation is such, that if the above bounden John F. Rau, Peter Rau, William H. Snowden and Edwin S. Bonbright, their heirs, executors or administrators, or any of them, do and shall well and truly pay, or cause to be paid, to the above-named The Integrity Title Insurance, Trust and Safe Deposit Company, their successors or assigns, the aforesaid several promissory notes when and as the same shall respectively become due and payable, without any fraud or further delay, then the above obligation to be void, or else to be and remain in full force and virtue.

" And it is hereby expressly agreed and understood by and between the said parties hereto that in case default shall be made in the payment of any one of the said notes when the

same shall become due and payable, then all of the said notes, or such of them as may not have been previously paid, shall become due and payable in like manner as if all the said notes had been drawn payable on the day that such default was made."

The warrant of attorney accompanying the bond was as follows:

" Whereas, We, John F. Rau, Peter Rau, William H. Snowden and Edwin S. Bonbright, all of the city of Philadelphia, in and by a certain obligation bearing even date herewith, do stand bound unto the Integrity Title Insurance, Trust and Safe Deposit Company in the sum of $4,800 lawful money of the United States of America, conditioned as in the condition of the said obligation is mentioned and expressed : These are to desire and authorize you, or any of you [attorneys of the court of common pleas of Philadelphia county, or of any other court], to appear for us and each of us, our and each of our heirs, executors or administrators, and in the said court or elsewhere, in an appropriate form of action there or elsewhere brought, or to be brought against us, our and each of our heirs, executors or administrators at the suit of the said The Integrity Title Insurance, Trust and Safe Deposit Company, their successors or assigns, on the said obligation, as of any term or time past, present, or any other subsequent term or time there or elsewhere to be held, and confess judgment thereupon against us and each of us, our and each of our heirs, executors or administrators for the sum of $4,800 lawful money of the United States of America, debt, besides costs of suit, by non sum informatus, nihil dicit or otherwise, as to you shall seem meet; and for you, or any of your, so doing, this shall be your sufficient warrant."

At the time judgment was entered three of the notes had become due and were paid, but no note was due and unpaid at the time of the entry of judgment. A number of other judgments, however, had been entered against John F. Rau. Rule to strike off judgment made absolute. Plaintiff appealed.

*Error assigned* was above order.

*John G. Johnson, Malcolm G. Campbell* with him, for appellant.—The universal practice in this state has been to enter

judgments upon warrants of attorney before maturity of the debt recited therein, merely for the purpose of obtaining security by way of lien: Volkenand v. Drum, 143 Pa. 525.

*James R. Grier*, for appellee, cited, Hageman v. Salisberry, 74 Pa. 283; Banning v. Taylor, 24 Pa. 289; Kellogg v. Krauser, 14 S. & R. 143; Adams v. Bush, 5 Watts, 291; Hutchison v. Ledlie, 36 Pa. 112; Knox v. Flack, 22 Pa. 338; Campbell v. Kent, 3 P. & W. 75.

OPINION BY MR. JUSTICE MITCHELL, March 20, 1893:

There is nothing on the record to justify striking off this judgment. The bond, in its first paragraph, is absolute for the payment of forty-eight hundred dollars forthwith. Then follows the condition, that whereas certain notes are held by plaintiff, payable as set forth, now the condition is that if said notes are paid as they become due, then the obligation of the bond is to be void, with a further condition that upon default in the payment of any one of the notes all the others shall become immediately due and payable. These are the entire conditions of the bond, and it is accompanied by a warrant of attorney to confess judgment, in any appropriate form of action upon said obligation, "as of any term or time past, present, or any other subsequent term or time." There is no condition, limitation, or restriction of any kind either as to the time of the judgment to be entered, or its amount, within the penal sum of the bond. If default should take place in the payment of the last note judgment might be entered for the whole forty-eight hundred dollars, although only one hundred would be due. So judgment might be entered at once before any of the notes was due. The bond is, in terms, for immediate payment, though its subsequent provisions show that it is only to be collected upon a default on the notes; and the authority to confess judgment is immediate, though execution cannot issue until default. The condition that in case of nonpayment of any one of the notes all those remaining unpaid shall become immediately due and payable, is not, as appellee argues, a restriction on the right of the obligee to enter judgment, but a stipulation in his favor, by which his right to issue execution on the whole is advanced and matured upon a default of payment of any of the parts.

The difficulty in the view of the appellee, and apparently of

the learned court below, is in failing to distinguish between the present right of the plaintiff to his judgment as security for a debt payable in the future, and the right to execution or satisfaction on a debt presently due. As security, the creditor has a right to as large collateral, and as many different forms of it, as the parties chose to contract for. That is a matter with which the court cannot interfere. But the enforcement of satisfaction, by execution or otherwise, is a matter to be governed by the rights and equities of the parties, and comes within the jurisdiction of the court. In the present case the creditor did nothing more than enter up his judgment on the bond, as part of the security agreed on. In so doing he was within his strict legal rights, and the court had no authority to interfere with his action.

This conclusion is so obvious as the result of elementary principles that it is not worth while to cite authorities, but by way of illustration we may refer to Volkenand v. Drum, 143 Pa. 525, where judgment was entered by warrant of attorney a year and a half before the date of the note, the latter having been postdated. It was held error to strike off the judgment, our brother STERRETT saying, " it must be presumed that the note was executed and delivered to plaintiff as evidence of an existing debt payable on a day certain in the then future, . . . . and that the warrant of attorney was incorporated therein as a future measure of security. . . . There is nothing on the face of the paper to indicate that the warrant was intended to be available only at a future time or in the event of a default. On the contrary the language employed shows that it was intended to become operative at the pleasure of the payee immediately on delivery. The error into which the learned judge fell was in assuming that it was inoperative prior to the date found on the note."

The order is reversed and the judgment thereby stricken off is reinstated.