## Shapiro et al. *v.* Malarkey.

*Landlord and tenant—Eviction—Interference by third party.*

1. A landlord cannot be charged with evicting his tenant because the latter's beneficial use of the property was obstructed or prevented by a third party, who acted entirely on his own behalf.

*Appeals—Opening judgment—Question raised by petition and answer.*

2. Upon the hearing of a rule to open a judgment, the court below should limit itself to the questions raised by the petition and answer, and the consideration of an appeal from the order made will likewise be so limited.

*Landlord and tenant—Lease—Judgment—Confession of judgment—Amount—Execution.*

3. Judgment may be entered on a lease which authorizes a confession of judgment for the amount of rent specified in it, even though there is none due at the time the judgment is entered.

4. Under such circumstances, however, unless the lease provides otherwise, execution can only issue for the amount due, together with an attorney's commission for collection (if the lease also authorizes this), at such a rate, not exceeding that provided in the lease, as the court below in the exercise of a sound discretion shall decide to be just.

*Landlord and tenant—Rent—Place of payment—Demand.*

5. Where a lease does not provide a place at which rent is payable, the landlord, before taking advantage of a forfeiture clause in it, must make demand for the precise rent due, on the very day on which it became due, and at the most notorious place on the land, unless this duty has been waived by the acts of the parties.

*Appeals—Rule 55—Suppression of record—Printing testimony.*

6. Hereafter the mandatory provision of Supreme Court Rule 55, requiring the omission from the printed record of all testimony irrelevant to the questions raised by the appeal, must be obeyed; otherwise the record may be suppressed and the appeals dismissed in cases where it has not been.

Argued May 7, 1923. Appeals, No. 181 and 280, by plaintiffs and defendant, from order of C. P. Northumberland Co., Sept. T., 1921, No. 306, discharging rule to open judgment and from order striking off ejectment, in case of Esther Shapiro and Annie Shapiro v. Edward C. Malarkey. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rules to open judgment, and to strike off ejectment. Before STROUSS, P. J.

The opinion of the Supreme Court states the facts.

Rule to open judgment for rent discharged.

Rule to strike off judgment in ejectment made absolute.

Plaintiffs and defendant appealed.

*Errors assigned,* inter alia, were orders, quoting record.

*J. A. Welsh,* with him *M. A. Kilker* and *S. L. Gribbin,* for defendant.—Any act of the landlord, which deprives

his tenant of beneficial enjoyment of the premises to which he is entitled under the lease will amount in law to an eviction and suspend the rent: Gallagher v. Burke, 13 Pa. Superior Ct. 244; Weighley v. Muller, 51 Pa. Superior Ct. 125; McSorley v. Allen, 36 Pa. Superior Ct. 271; Hoevler v. Fleming, 91 Pa. 322; Grossman v. McMahon, 63 Pa. Superior Ct. 191.

The expulsion of the lessee from all or some part of the demised premises will suspend accruing rent: Linton v. Hart, 25 Pa. 193; Doyle v. Longstreth, 6 Pa. Superior Ct. 475.

Demand for rent before confession of judgment was necessary.

It is settled that every judgment entered on a specialty with warrant of attorney to confess judgment must follow strictly the authority conferred by the warrant: Claghorn's Est., 181 Pa. 600; Smith v. Pringle, 100 Pa. 275; Zimmerman v. Challenger, 14 Pa. Dist. R. 548.

A judgment in ejectment for the nonpayment of rent, entered in an amicable action, and based on a warrant of attorney contained in a lease, must upon the face of the record be self-supporting: Stewart v. Jackson, 181 Pa. 549; Benz v. Langan, 5 North. Co. R. 139; Patterson v. Pyle, 1 Monaghan 351; Secor v. Shippey, 7 Pa. C. C. R. 555; Rea v. Transfer Co., 201 Pa. 273; Curry v. Bacharach, 271 Pa. 264; Phila. v. Johnson, 23 Pa. Superior Ct. 591.

*J. Fred Schaffer,* with him *W. H. Unger* and *M. S. Unger,* for plaintiffs.—There was no eviction: McSorley v. Allen, 36 Pa. Superior Ct. 271; Heayn v. Felton, 13 W. N. C. 28; Thalhymer v. Hosiery Co., 9 Berks Co. R. 57; Clark v. Lindsay, 7 Pa. Superior Ct. 43; Sutton v. Faulke, 2 Pa. C. C. R. 529.

OPINION BY MR. JUSTICE SIMPSON, June 23, 1923:

While defendant was plaintiffs' tenant, under a written lease of a three-story building in the town of Girard-

ville in this State, a fire broke out in the first floor, greatly injuring it and its contents, but not seriously affecting the second and third stories, which continued, —as did the first also to a limited degree,—in the possession and use of defendant or his subtenants.

The property was insured, and the day after the fire an agent of the insurance company visited the premises and, with the knowledge of representatives of each party, directed the street front of the first floor to be boarded up, at some distance out from the building line. Neither party authorized it to be done, but each knew of it and neither objected to it; in fact it was beneficial to both, for without it a trespasser could have entered the building and injured it and defendant's personalty in the first story; and being there could, with comparatively little difficulty, have obtained access to and despoiled the second and third floors. Subsequently, and apparently without the request or consent of either party, the town officials removed that structure, because it intruded upon the footway, and substituted another one, flat against the front of the building. In each of these constructions there was a doorway, the key of which was in the possession of defendant's janitor.

For a couple of months after the fire defendant paid rent for the entire building as theretofore; but afterwards refused to pay anything further, because, as he alleged, plaintiffs were responsible for those structures, which, while they existed, deprived him of the beneficial use of at least a part of the building, and hence suspended his duty to pay the rent. Under a power contained in the lease, plantiffs thereupon caused a dual judgment to be entered as by confession, (1) for the whole amount of rent due and to become due, until the end of a renewal term named in the lease, and (2) in ejectment for possession of the property. This was followed by a rule upon plaintiffs to show cause why the judgment should not be opened, and later by an addi-

tional rule why it should not be stricken off. Evidence was taken, and the court below, limiting itself to a consideration of so much thereof as was applicable to the questions raised by the petitions and answers (as should always be done both below and here: Fisher v. King, 153 Pa. 3; Bauer v. Hill, 267 Pa. 559, 564-5) sustained the judgment for the amount of the rent, but struck it off so far as it related to the ejectment, and disposed of the two rules accordingly. From the orders then made we have these two appeals, one by each party, all the questions in which, if raised by the pleadings, will be decided in this opinion; others were argued, which might have been more serious, but will not be considered because not raised on this record.

The lease provides: "And the said second party [defendant] hereby confesses judgment in favor of the said first parties [plaintiffs] for the whole amount of said rent as hereinbefore set forth, waiving stay of execution, inquisition and all exemption laws, and five per cent to be added as attorney's commission for collection." This is a provision separate and distinct from the one authorizing the confession of a judgment in ejectment, and is similar to that contained in an ordinary judgment note. Under it plaintiffs had the right to enter a judgment for the rent stipulated in the lease, whether or not there was a default: O'Maley v. Pugliese, 272 Pa. 356, 358. As was said in that case, so also it may be said here: "The judgment was confessed as provided in the bond, and, the warrant being without limit as to time, it was not necessary to await the maturity of the obligation (Integrity Ins., etc., Co. v. Rau, 153 Pa. 488; Volkenand v. Drum, 143 Pa. 525); hence, the question of default was immaterial to the validity of the judgment, although the steps taken by defendant in the lower court seem to be based upon the opposite theory."

Since the lease does not specify when and under what circumstances execution may issue on this judgment, defendant seems to fear that it may go out at any time

for the whole amount. This, however, is a misapprehension; .it can only be issued after a default occurs and for the amount then due, the attorney's commission for collection being chargeable on this amount, at such a rate, not exceeding that provided in the lease, as the court below, in the exercise of a sound discretion, shall decide to be just: Daly v. Maitland, 88 Pa. 384; Cunningham v. McCready, 219 Pa. 594.

The judgment in ejectment was properly stricken off for the reason given by the court below in the following extract from its opinion: "The lease in question does not provide a place at which the rent is payable and it was, therefore, the duty of the landlord, before he could take advantage of the forfeiture clause in the said lease, to make a demand for the precise rent due; on the very day on which it became due and on the most notorious place on the land: Rea v. Eagle Transfer Co., 201 Pa. 273; Bergdoll v. Spalding Bros., 234 Pa. 589. There was no allegation or averment in the amicable action......
[or, it may be added, in the evidence, that such a demand was made]. This, we think essential, under the authority of Bergdoll v. Spalding Bros., supra, to sustain the judgment in ejectment for the premises in the lease."

Under the above-noted principle regarding the pleadings, the only other question to be considered is whether or not, legally speaking, defendant was evicted by the boarding up of the front of the first story of the building. Upon ample evidence, however, the court below found that plaintiffs were not responsible for the doing of this work, the first structure being erected for the insurance company, and the last by the town. For this reason neither act could operate to suspend the payment of rent. Plaintiffs are responsible only for what was done by or for them; silence no more estops them than it does defendant. They were not required by the lease to restore the building, and hence he is not aided by their failure so to do. If he had desired to protect himself against the possibility that it might become wholly or partially un-

tenantable, he should have had a proper provision inserted in the lease; this he did not do, and the courts are powerless to relieve him from his oversight in that respect.

This record discloses 348 pages of testimony, not exceeding one-tenth of which would have been printed had the mandatory provisions of Rule 55 been obeyed; and even this number might have been decimated, under the permissive provisions of Rule 56, had a wise discretion held in check the useless antagonisms of the parties. Because those rules are comparatively new we have not heretofore imposed any penalty for their violation; but the time has now come when we should give notice to all who continue neglectful (of which, happily, there are now comparatively but a few) that a failure to comply with Rule 55 may result in a suppression of the offending records, and a dismissal of the appeals in such cases.

The orders of the court below are affirmed and the appeals are dismissed at the cost of the respective appellants.