## William J. Ryan, Inc., to use, etc., v. Bodek.

*Judgments—Confession—Striking off—Act of Feb. 24, 1806.*

1. Under the Act of Feb. 24, 1806, 4 Sm. Laws, 278, the prothonotary is without authority to enter a judgment by confession, unless upon the face of the instrument the amount due is shown or can be ascertained by calculation; he cannot determine questions of fact.

2. The right to judgment as security for the debt is distinguished from the right to enforcement of satisfaction.

3. An averment under oath by the plaintiff of a breach of a condition is sufficient to support a judgment.

4. If judgment is to be entered in case of default, it is essential that an averment be filed stating in what rspect a default has occurred.

5. When judgment is to be entered upon confession without the appearance of an attorney for defendant, if the amount due can be ascertained from the face of the instrument or by calculation from what appears, the prothonotary has authority to enter judgment, unless there is a condition attached to the warrant; if there is such a condition, an averment of default or of breach of condition must be filed.

6. Where the instrument provides for payment upon completion of certain improvements and notice thereof, judgment cannot be entered upon default of payment of an instalment of principal where there is no averment of completion of improvements; but the judgment will be sustained if there are also averments of failure to pay interest or to produce tax receipts where there are such requirements in the instrument.

7. A written promise to pay money with power to confess judgment in any court of record without territorial limitation may be entered under the Act of 1806 in any Common Pleas Court of Pennsylvania by the prothonotary thereof; and this is the case if the instrument is a bond secured by a mortgage of real estate in another state.

Rule to strike off judgment. C. P. No. 3, Phila., Co., Dec. T., 1927, No. 12037.

*Wolf, Block, Schorr & Solis-Cohen,* for plaintiff.

*Yale L. Schekter,* for defendant.

FERGUSON, J., April 24, 1928.—This is a rule to strike off judgment entered by confession. The original document is filed of record. It is a bond in the usual form, dated Nov. 9, 1925, for the sum of $126,980, conditioned upon the

payment of $9070 upon completion of improvements, and notice thereof as set forth in the accompanying indenture of mortgage, and the balance of $54,420 within three years from its date, together with interest thereon payable semiannually at 6 per cent., and for the production of tax receipts on or before the 31st day of December of each year, and providing that if default be made in the payment of interest or instalment of principal for the space of thirty days after the same became due, or in the production of tax receipts, the whole principal sum became immediately due and payable. The instrument also contained authority to any attorney to appear for the obligor in any court of competent jurisdiction and confess judgment in case of the breach of the condition.

Judgment was entered by filing the bond and warrant with the prothonotary, accompanied by an averment by plaintiff that default had been made in the payment of the instalment of principal, in the payment of interest when due and in the production of tax receipts. No attorney appeared for defendant to confess judgment.

Judgments by confession, under the Act of Feb. 24, 1806, § 28, 4 Sm. Laws, 278, are constantly under attack and from many angles. There are some inconsistencies in the decisions. In one respect, however, the decisions do not vary. That is, with respect to the amount for which judgment is confessed. Unless, upon the face of the instrument, the amount due is shown or can be ascertained by calculation, the prothonotary is without authority. He cannot determine questions of fact: Connay v. Halstead, 73 Pa. 354; Meyers & Jolly v. Freiling, 81 Pa. Superior Ct. 116. And the courts have been quite liberal in construing the meaning of the words "due" and "default." Notwithstanding language plainly showing that the debts were not payable at the time the warrants were exercised, judgments have been sustained upon the theory that an instrument calling for the payment of money and being in the possession of the holder affords *prima facie* proof that it has not been paid and the holder entitled to recover: Whitney v. Hopkins, 135 Pa. 246. The burden was thrown on defendant to show the contrary. The right to judgment as security for the debt is distinguished from the right to enforcement of satisfaction: Integrity Title Ins. Co. v. Rau, 153 Pa. 488. In the earlier decisions the matter of default was regarded as of so little importance that a judgment entered a year and a half before the date of the note (it being post-dated) was sustained: Volkenand v. Drum, 143 Pa. 525.

Intimations began to be thrown out, however, that if it appeared from the paper that the warrant was intended to be available only in the event of a default, or if other restriction were attached, a different conclusion might be necessary: Volkenand v. Drum, *supra*.

Questions soon arose over the matter of conditions attached to the warrant, and in the case of Purvis v. Dempsey, 238 Pa. 173, the subject was considered and it was held that an averment of the plaintiff, under oath, of a breach of condition was sufficient to support the judgment. A judgment entered upon an averment under oath that a default had occurred was sustained in Wurlitzer v. Pearson, 62 Pa. Superior Ct. 425. Also, in Dalton v. Willingmyre, 60 Pa. Superior Ct. 225. These cases were followed by the definite decision in Kolf v. Lieberman, 282 Pa. 479, to the effect that if judgment is to be entered in case of default, it is essential that an averment be filed stating in what respect a default has occurred.

From these decisions it may be concluded that when judgment is to be entered upon confession without the appearance of an attorney for defendant, if the amount due can be ascertained from the face of the instrument or by a calculation from what appears, the prothonotary has authority, unless there

is a condition attached to the warrant. If there is such a condition, an averment of default or of breach of condition must be filed.

In the case at bar, there was not sufficient averment of a failure to pay the instalment of principal, because that payment was to be made only upon the completion of certain improvements and notice thereof, and nothing is said about completion of improvements. In other respects, however, the averment is adequate. The payment of interest and the production of tax receipts are just as important as conditions, and default in respect to them is sufficient to support the judgment.

We are not impressed with the contention of defendant that the bond having accompanied a mortgage secured upon real estate in New Jersey made this a contract which must be interpreted under the laws of that state. We cannot settle matters of the sort upon a rule to strike off, especially when plaintiff replies that the contract was made and executed in Pennsylvania. Upon its face, the judgment could be entered in this court and matters of fact ordinarily cannot be determined upon such a rule.

"A negotiable note executed in another state, with power to confess judgment in any court of record, without territorial limitation, may be entered under the Act of 1806 in any court in Pennsylvania by the prothonotary thereof:" Oberlin *v.* Parry, 287 Pa. 224.

Rule discharged.