Rose et al., Appellants, *v.* Cohen.

Argued September 15, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*S. Frank Laveson,* with him *Joseph Blank,* for appellants.

*Lenard H. Sigal,* for appellees.

OPINION BY ERVIN, J., November 16, 1960:

This is an appeal from the order of the court below opening a judgment which had been entered upon the following note:

"$1,200.00            August 3, 1959
One day after date we promise to pay to the order of David Rose and Phyllis Rose
Twelve Hundred ...................... Dollars

Payable at .....................................
Without defalcation, value received, with interest.

And further, we do hereby empower any Attorney of any Court of Record within the United States or elsewhere to appear for us and after one or more declarations filed confess judgment against us as of any term for the above sum with Costs of suit and Attorney's commission of 15 per cent for collection and release of all errors, and without stay of execution and inquisition and extension upon any levy on real estate is hereby waived and condemnation agreed to and the exemption of personal property from levy and sale on any execution hereon, is also hereby expressly waived, and no benefit of exemption be claimed under and by virtue of any exemption law now in force or which may be hereafter passed.

Witness our hand and seal
No. .... Due ...........

MARTIN L. COHEN   (Seal)
JEAN COHEN        (Seal)"

The following language appeared upon the reverse side of the note:

"$1,200.00 to be paid in equal monthly payments within a period of 5 years at the rate of 6%, monthly payment is to be $23.20.
AUG—1959
2891"

The court below disposed of the case upon petition and answer. No depositions were taken nor was any evidence given.

Our purpose is to determine whether this was an abuse of discretion: *Glass v. Farmers National Bank of Watsontown, Trustee*, 364 Pa. 186, 70 A. 2d 356.

In an assumpsit action an answer on the merits is necessary to put case at issue: *Scott v. McEwing*, 337

Pa. 273, 275, 10 A. 2d 436. · If the answer raises no substantial questions of fact, no useful purpose would be served in requiring the taking of depositions or evidence.

"In proceedings to open judgment the practice by petition and answer is well established. 'When the answer was filed, defendant had the choice of taking depositions, limited, of course, to the issues made by the pleadings (Fisher v. King, 153 Pa. 3 [25 A. 1029 (1893)]; Bauer v. Hill, 267 Pa. 559, 563 [110 A. 346 (1920)]), and then having the application heard on petition, answer and depositions; or of having it heard on petition and answer alone, in which event the averments of the answer, so far as they were responsive to those of the petition, would have to be taken as true: Kelly et al. v. International Clay Products Co., 291 Pa. 383 [140 A. 143 (1928)] . . . .' M. A. Long Co. v. Keystone Portland Cement Co., 302 Pa. 308, 315-316, 153 A. 429 (1931)." *Vallish v. Rapoport*, 364 Pa. 25, 27, 70 A. 2d 616.

Substantially the same practice is provided for by Pa. R. C. P. No. 209.[1]

---

[1] Rule 209.

"If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); ·

the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

Taking the averments of the answer as true, we have the following facts established: That on or about March 8, 1959 the parties entered into an agreement of sale whereby the defendants agreed to purchase the plaintiffs' real estate located at 8625 Temple Road, Philadelphia, Pennsylvania; that on the said date the defendants entered into a collateral agreement with the plaintiffs to purchase from them certain items and fixtures then located in the plaintiffs' home for the sum of $1,200.00 to be paid at time of settlement for the real estate; that settlement was held for the real estate on August 3, 1959, at which time the defendants were unable to pay the aforesaid sum of $1,200.00; that the plaintiffs agreed to accept a $1,200.00 judgment note payable one day after date, which is hereinbefore set forth in full; that the defendants secured possession of the real estate and the items and fixtures then located in plaintiffs' home on or about September 5, 1959; that the parties agreed that the note was to be entered immediately in order to act as a lien against the real estate and that execution was to be issued only in the event of default in the monthly installments as set forth on the reverse side of the note; that three monthly payments of $23.20 each were made in the months of September, October and November, 1959; that the plaintiffs never made any declaration or statement to the defendants that they need not make the payment due in December. It is clear that the note did not contain an acceleration clause but in our judgment this did not prevent the entry of judgment for the full amount of $1,200.00 at any time one day after the date of the note.

While it has been held that an instrument payable in installments containing a warrant to confess judgment can be entered at any time: *Whitney v. Hopkins,* 135 Pa. 246, 19 A. 1075, execution cannot be issued

until the default occurs: *Shapiro v. Malarkey,* 278 Pa. 78, 122 A. 341.

The note did not provide for an averment of default. It merely provided for the filing of a declaration.

"Almost all notes contain the words 'and after one or more declarations filed confess judgment.' This is a relic of the ancient practice of entering all notes by amicable action prior to the Act of 1806. Since that act the prothonotary can enter a proper note without declaration though the note states 'after one or more declarations filed.' These words can be disregarded: Montelius v. Montelius, Brightly, 79; Rex v. Nelson, 15 Phila. 323 (1882); Union Acceptance Co. v. Grant Co., 5 D. & C. 407 (1924); Melavage v. Akelaitis, 8 D. & C. 111 (1926); Spiese v. Shee, 250 Pa. 399 (1915). . . .

"In the absence of some restriction upon the right to enter judgment until after a specific default, there is no reason why a judgment note given as security in a fixed sum may not be made a matter of record, though no money was then payable: Integrity Title Ins. Co. v. Rau, 153 Pa. 488 (1893); Shapiro v. Malarkey, 278 Pa. 78 (1923); O'Maley v. Pugliese, 272 Pa. 356 (1922); Chubb v. Kelly, 80 Pa. Super. Ct. 487 (1923); Pacific Lumber Co. v. Rodd, 287 Pa. 454 (1926)." Judgment by Confession in Pennsylvania, Klein, pp. 163, 164.

If the warrant of attorney authorizes the entry of judgment "after default" it is necessary to file an averment of default before the entry of judgment: *Kolf v. Lieberman,* 282 Pa. 479, 128 A. 122.

We are of the opinion that it was not necessary under the terms of this note to file either an averment of default or a declaration as a condition precedent to the entry of judgment. The lower court's action in

opening the judgment was, therefore, an abuse of discretion.

To warrant the opening of a judgment, a meritorious defense must be shown: *Ferguson, Exrx. v. O'Hara et al.,* 286 Pa. 37, 132 A. 801. In the present case no defense was shown except as to the December installment of $23.20. The plaintiffs denied making the statement that the December installment need not be made. The matter being on bill and answer, this fact for the present proceeding to open judgment must be taken in favor of the plaintiffs and the opening of judgment would not be justified.

In our opinion execution could only be issued for past due and unpaid installments because the note did not contain an acceleration clause. While the plaintiffs in their answer aver such an agreement, there was no averment that the acceleration clause was omitted from the note by fraud, accident or mistake.

Order reversed and judgment reinstated.