## National Penn, Inc. v. Wolstenholme

*Thomas F. J. MacAniff*, for plaintiff.

*John J. Collins*, for defendants.

BECKERT, J., April 5, 1965. — On July 10, 1964, plaintiff filed with the Prothonotary of Bucks County, two judgment notes executed by defendant, dated May 22, 1963, and payable in 84 monthly installments, calling for a total payment of $12,736.92. Upon application, the prothonotary entered judgment for the face amount of the notes under authority of the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, sec. 28, as amended by the Act of June 10, 1957, P. L. 281, 12 PS §739.

Defendants seek to have the notes stricken from the record, contending the prothonotary was without authority to enter judgment because no attorney entered an appearance for defendants, no averment of default or assessment of damages was filed and the amount remaining unpaid does not appear on the face of the instrument.

We believe the first contention of defendants to be without merit. It has been disposed of by our court in Plunto v. Bohannon, 8 Bucks 331, and DiNunzio v. Gillis, 13 Bucks 543, and the cases cited therein.

The warrant of attorney found in each of the notes now before us for consideration contains the following language:

"I (we) agree that in case of my (our) failure to pay any installment when and where due, then the legal holder may declare the full amount of this note then remaining unpaid, immediately due and payable, and proceed to collect the same. I (we) do hereby empower any attorney of any court of record within the United States, or elsewhere to appear for me (us), and with or without declaration filed, confess judgment against me (us) and in favor of the holder hereof, for

such sum as may appear to be paid hereon after maturity . . ."

The pivotal words in the confession of judgment clauses in these notes are "after maturity". "Maturity" is defined in Black's Law Dictionary, 1957, 4th ed., page 1130:

"Termination of period a note or other obligation has to run. . . . In mercantile law, the time when a bill of exchange or promissory note becomes due."

"Maturity", when applied to commercial paper, means time when paper becomes due and demandable, that is, time when an action can be maintained thereon to enforce payment: Government of The Virgin Islands v. Brown, 221 F. 2d 402, 405.

It is hornbook law that a warrant of attorney authorizing the entry of a judgment must be strictly construed and followed. See Kolf v. Lieberman, 282 Pa. 479. For that reason, it has been consistently held in this Commonwealth that where the warrant of attorney authorizes the entry of judgment only after default, such default must be alleged and sworn to by the creditor before judgment will be entered. When there is an acceleration clause, as we find in these notes, judgment may be entered for the full amount of the note by filing an affidavit stating that events have occurred which make the full sum due.

We are further aware of the line of cases which hold that in the absence of some restriction upon the right to enter judgment until after a specific default, there is no reason why a judgment note given as security in a fixed sum may not be entered as a matter of record, though no money was then payable: Rose v. Cohen, 193 Pa. Superior Ct. 454, 458; Plunto v. Bohannon, supra. We do feel, however, that the words "after maturity" give rise to a restriction, allowing the entry of judgment only after a specific default. A study of the cases in this Commonwealth reveals that an authorization to

confess judgment at any time after the execution of the note, whether due or not, causes the note to be non-negotiable. See First Pennsylvania Banking and Trust Co. v. Brennan, 14 Bucks 265, 268, and cases cited therein. A debtor interested in negotiability is, therefore, limited to a clause permitting confession of judgment only after maturity or after default. For this reason, these words must be given effect, for if they are to be given any meaning, as they must (Breen v. Rhode Island Insurance Company, 352 Pa. 217, 221), it appears that some averment of default is necessary.

Neither counsel nor we have been able to find any appellate court decisions in Pennsylvania, or elsewhere, wherein the term "after maturity" has been interpreted. A somewhat similar confession clause was considered in Interstate Contracting Co., Inc. v. Mager, No. 1, 51 D. & C. 113, where the confession clause read:

"If any installment of this note is not paid when due the entire unpaid amount thereof shall immediately become due and payable, and . . . , undersigned . . . authorize any attorney at law to appear in any court of record . . . and confess judgment for such amount as may appear to be unpaid hereon at maturity, . . ."

The court, in construing the above clause, at page 115, stated:

"To our mind, an authorization to enter judgment as it appears in this note is clearly an authorization to enter judgment after, and not before, maturity."

In Crown Builders, Inc. v. Kimmelman, 86 D. & C. 202, the court was called upon to construe the wordage "after maturity" and, at page 204, said:

"The provision 'after maturity' indicates that a default is necessary and, as a consequence, an affidavit of default is necessary to the proper entry of the judgment."

We are conversant with the fact that an averment or affidavit of default that a judgment note has not been paid at maturity is not a prerequisite to the entry of judgment thereon by the prothonotary where it appears on the face of the instrument that it is past due and is presented by the person in possession of the note. See Pennsylvania Company for Banking and Trusts v. Ernst, 72 D. & C. 573. Here, however, there is nothing on the record to show any default of payments on the instant notes, nothing to show that the notes were "mature", and a perusal of the original notes, as filed with the prothonotary, do not, on their face, indicate that judgments were entered after maturity. We, therefore, conclude that the judgments were prematurely entered and, accordingly, enter the following

ORDER

And now, April 5, 1965, it is ordered and decreed that the rule herein granted defendants to show cause why the judgments herein entered should not be stricken from the record be and the same is hereby made absolute. The prothonotary is ordered and directed that the judgments herein entered shall be stricken.